THOMAS O'CONNOR, Respondent, v. VIRGINIA PASSENGER AND POWER COMPANY et al., Appellants.

1. DEMURRER — DEFECT IN PARTIES DEFENDANT. Where the complaint in an action asks relief against several persons not made parties, and whose presence is not necessary to a complete determination of the controversy, the prayer for relief may be deemed surplusage, and a failure to join them as defendants is not a ground for demurrer.

2. STOCKHOLDER'S ACTION — ALLEGATIONS NECESSARY. Where an action is brought by a stockholder against the corporation and three other defendants to have certain certificates of shares of stock of the corporation and certain of its mortgage bonds adjudged void, or, in lieu thereof, that the three last-named defendants pay to the corporation the value of such stock and bonds, the claim of the plaintiff is derivative and he is obliged to allege, *first*, a good cause of action in favor of the company of which he is a stockholder, and, *second*, facts which authorize his intervention and the institution of his suit in behalf of the corporation.

3. DEMURRER UPON GROUND OF IMPROPER JOINDER OF CAUSES OF ACTION. Where such complaint states two grievances, one of which constitutes a good cause of action in favor of the corporation of which he is a stockholder, and the other does not, and, so far as appears on the face of the complaint, the two grievances were independent transactions having no connection with each other, and there is no allegation that they were committed in pursuance of any common design or agreement, such grievances constitute separate causes of action within the meaning of the Code of Civil Procedure (§ 484) and the rules of pleading, and a demurrer to the complaint upon the ground that several causes of action are improperly united is well taken and should be sustained; nor are the defendants concluded from demurring thereto by a decision of the Special Term denying a motion made by them for an order requiring the plaintiff to separately state and number his two causes of action, upon the ground that there was but one cause of action.

4. STOCKHOLDER'S DEMAND THAT CORPORATION BRING ACTION. Where such complaint states a good cause of action in favor of the corporation against the other defendants, but does not allege that a demand was made upon the corporation to bring and prosecute the action and that such demand was refused, it fails to state a cause of action in plaintiff's favor unless it contains allegations sufficient to relieve him from making such application; and where an examination of the complaint fails to disclose any adequate excuse for plaintiff's failure to apply to the corporation, a demurrer thereto upon the ground that it does not state facts sufficient to constitute a cause of action in favor of plaintiff will be sustained.

*O'Connor* v. *Virginia Passenger & Power Co.*, 107 App. Div. 630, reversed.

(Argued January 10, 1906; decided February 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 21, 1905, which affirmed an interlocutory judgment of Special Term overruling demurrers to the complaint.

The following questions were certified:

*First.* Is there defect of parties defendant, as alleged in the defendants' demurrers?

*Second.* Have causes of action been improperly united, as alleged in defendants' demurrers?

*Third.* Does the complaint state facts sufficient to constitute a cause of action?

The nature of the action and the facts so far as material are stated in the opinion.

*Lewis E. Carr, George W. Wickersham, Henry W. Anderson* and *Charles A. Gardiner* for appellants. The right of the plaintiff to sue was not original, but derivative, and depended on the right of the Virginia Company to sue for the same cause. His complaint does not contain the essential elements of such a cause of action. (*Flynn* v. *B. C. R. R. Co.*, 158 N. Y. 493; *Greaves* v. *Gouge*, 69 N. Y. 154; *Kavanaugh* v. *C. T. Co.*, 181 N. Y. 121.) The complaint does not state facts sufficient to make out a cause of action in favor of the Virginia Company. (*Christensen* v. *Eno*, 106 N. Y.

97; *Hallett* v. *M. M. Co.*, 35 Misc. Rep. 659; *Thompson* v. *Knight*, 74 App. Div. 316; *M. R. R. Co.* v. *Nichols*, 98 Ala. 92; *Drake* v. *N. Y. S. W. Co.*, 26 App. Div. 499.) If a cause of action in favor of the Virginia Company can be spelled out of the allegations of the complaint, the plaintiff's case still fails because his complaint does not state such facts as authorize him to sue on behalf of that company. (*Sage* v. *Culver*, 147 N. Y. 241; *Greaves* v. *Gouge*, 69 N. Y. 154; *Brinckerhoff Case*, 88 N. Y. 52; *Hanna* v. *Lyon*, 179 N. Y. 107.) There is a defect of parties defendant in the omission of the directors of the Virginia Company as parties to the action. (*O'Brien Case*, 143 N. Y. 377; Code Civ. Pro. § 452.) The complaint is demurrable because different causes of action are improperly sought to be united therein. (*Groh* v. *Flammer*, 100 App. Div. 305.)

*John L. Hill* for respondent. The rule applicable in a certain class of cases, that the right of a stockholder to compel restoration to a corporation of its property, fraudulent or otherwise wrongfully obtained, is conditioned upon the making of a prior demand that the corporation itself shall sue, is not applicable to this case. (Thomp. on Corp. § 4507; *Sage* v. *Culver*, 147 N. Y. 246; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Hawes* v. *Oakland*, 104 U. S. 450; *Botts* v. *Turnpike Co.*, 88 Ky. 54; *Heath* v. *E. R. Co.*, 8 Blatchf. 347; *Dodge* v. *Woolsey*, 18 How. [U. S.] 331; 2 Pom. Eq. Juris. §§ 1093, 1095; *Mount* v. *R. T. Co.*, 93 Va. 427; *Rothwell* v. *Robinson*, 39 Minn. 1; *Nathan* v. *Tompkins*, 82 Ala. 437; *Farwell* v. *G. W. T. Co.*, 161 Ill. 522.) The plaintiff had the right to allege his facts either according to their legal effect, or circumstantially or partly in one way and partly in the other. (*Banks* v. *Sherman*, 38 N. Y. 69; *Publishing Co.* v. *Steamship Co.*, 148 N. Y. 41; *R. R. Co.* v. *Robinson*, 133 N. Y. 246; *Marie* v. *Garrison*, 83 N. Y. 23; *Sanders* v. *Soutter*, 126 N. Y. 196; *Zabriskie* v. *Smith*, 13 N. Y. 330; *Sage* v. *Culver*, 147 N. Y. 245; *Gray* v. *Fuller*, 17 App. Div. 35; *Lorillard* v. *Clyde*, 86 N. Y. 384.) There has been

no misjoinder of causes of action. (*O'Brien* v. *Fitzgerald*, 143 N. Y. 382; *Sayles* v. *White*, 18 App. Div. 590; *Scharf* v. *W. S. P. Co.*, 5 App. Div. 139; *Greeves* v. *Davies*, 100 App. Div. 359; *Gray* v. *Fuller*, 17 App. Div. 35; *Gray* v. *Belding*, 17 App. Div. 617.) The complaint discloses no defect of parties defendant. (15 Ency. Pl. & Pr. 658; *Heath* v. *E. R. Co.*, 8 Blatchf. 347; *Parsons* v. *Howard*, 2 Woods, 1; *Wall* v. *Thomas*, 41 Fed. Rep. 621; *Hazard* v. *Durant*, 19 Fed. Rep. 471; *Boyd* v. *Gill*, 19 Fed. Rep. 146; *Erwin* v. *O. R. Co.*, 27 Fed. Rep. 582; *H. B. S. Bank* v. *Boisseiux*, 3 Fed. Rep. 846; *Stockton* v. *Anderson*, 40 N. J. Eq. 486; *Dodd* v. *Wilkinson*, 41 N. J. Eq. 566; *Bailey* v. *Inglee*, 2 Paige, 279; *Cunningham* v. *Pell*, 5 Paige, 611; *Gilchrist* v. *Stevenson*, 9 Barb. 16; *Bartlett* v. *Hatch*, 17 Abb. Pr. 461.) The complaint alleges facts sufficient to constitute a cause of action in equity. (*Burrall* v. *B. R. R. Co.* 75 N. Y. 216; *Jermain* v. *L. S. & M. S. R. R. Co.*, 91 N. Y. 492; *Flynn* v. *B. C. R. Co.*, 158 N. Y. 504; *F. L. & T. Co.* v. *N. Y. & N. R. Co.*, 150 N. Y. 426; *Gamble* v. *Q. C. W. Co.*, 123 N. Y. 91; *Erwin* v. *O. R. & N. Co.*, 27 Fed. Rep. 630.)

CULLEN, Ch. J. This action is brought by a stockholder of the Virginia Passenger and Power Company to redress certain wrongs alleged to have been inflicted on that company by the defendants Frank and Helen Gould, and to have certain certificates of shares of the capital stock of said company and certain of its mortgage bonds held by said defendants adjudged void, or in lieu thereof that the said defendants pay the company their value. The complaint is inartificially drawn and is so voluminous, and most of the questions presented on this appeal are of so little general interest or application, as not to warrant us in incumbering the reports with the details of the charges. It is sufficient that we state our conclusions on the points raised by the demurrers and give briefly our reasons therefor.

The several grounds of the demurrers are: *First*, that there

is a defect of parties defendant; *second*, that separate causes of action are improperly joined, and, *third*, that the complaint does not state facts sufficient to constitute a cause of action. The first ground of demurrer is based on the demand found, in the prayer for relief that the directors of the power company, who committed the unlawful acts alleged, be held responsible for any loss or deficiency occasioned by their conduct. As it is not even stated in the complaint who these directors were, nor are they made parties to the action, it seems rather difficult to imagine on what theory such relief was asked. Nevertheless, as their presence is in no way necessary to a complete determination of the controversy between the plaintiff and the defendants Gould, the prayer for relief referred to may be deemed mere surplusage and the failure to join them as defendants in no way can prejudice these defendants. This ground of demurrer is bad.

The other grounds of demurrer can be most readily considered together. The claim of the plaintiff being derivative he was required to allege in his complaint, *first*, a good cause of action in favor of the Virginia Power Company; *second*, facts which authorized his intervention and the institution of his suit in behalf of his corporation. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.) The grievances of which the complaint complains are two : First, a transaction by which a large part of the capital stock of the power company was acquired by the defendant the Atlantic Development Company, under a contract by which the latter company was to market the mortgage bonds of the power company at a specified rate, which stock, on the abrogation of the contract, was assigned to the defendants Gould instead of being restored to the corporation. As to this we think the complaint does state a good cause of action in favor of the defendant power company. The second transaction is one by which the defendant Frank Gould acquired certain bonds of the power company, pledged as collateral to secure the payment of the two notes of that company. We are inclined to the view that the complaint does not state a good cause of

action in regard to this matter. It is alleged that Frank Gould acquired the notes and collateral by assignment from the payee or holder thereof. We cannot see what there was illegal in this. It is alleged that the corporation was able to pay and discharge the notes, but it is not alleged that it did so or even tendered payment. Part of the relief asked is that Frank Gould pay the difference between the market value of the bonds and the sum he paid for them. The corporation, however, can be entitled to no such relief. Gould stands in the same position as his assignor, the original pledgee of the bonds, and he is entitled to hold them until the debt to him is satisfied. But though the allegations of the complaint do not state a good cause of action as to this transaction, still we think it is a separate cause of action within the Code and rules of pleading. If in an indictment two offenses are intended to be set out in a single count, the indictment is bad for duplicity, even though one of the offenses is set out defectively. (*Dawson* v. *People*, 25 N. Y. 399.) Under section 484 of the Code of Civil Procedure separate causes of action can be united only when they affect all the defendants. As far as appears on the face of the complaint the two matters of which the plaintiff complains were independent transactions having no connection the one with the other. It is not alleged that they were committed in pursuance of any common design or agreement to defraud or injure the corporation. The second cause of action relates solely to Frank Gould. Helen Gould is not charged to have in any way participated therein. The respondent contends that the appellants are concluded by an adverse decision of a motion made by them to compel him to separately state and number his two causes of action. The motion was denied by the Special Term on the ground that there was but one cause of action. The appellants, however, are not concluded by a decision on the question of practice, for " if the complaint contains several causes of action improperly united contrary to the Code as is claimed, the vice may be reached by a demurrer, and the failure of the plaintiff to state them separately and number

them would not be an answer to it, nor would a failure to move to correct the complaint in this respect defeat the effect of a demurrer." (*Goldberg* v. *Utley*, 60 N. Y. 427.) Therefore, the objection that several causes of action are improperly united is well taken.

But though, as we have held, the complaint does state a good cause of action in favor of the power company against both Frank and Helen Gould, we think it fails to state facts sufficient to constitute a cause of action in the plaintiff's favor. In a derivative action of the character of the present one " the complaint should allege that the corporation, on being applied to, refused to prosecute, and that this averment constitutes an essential element of the cause of action." (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493 ; *Greaves* v. *Gouge*, 69 N. Y. 154.) The complaint alleges no such demand or refusal. The general rule is subject to this exception, that where facts are alleged showing that the demand would be unavailing, a demand is unnecessary. (Morawetz on Corporations, § 242 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 56 ; *Barr* v. *N. Y., Lake Erie & W. R. R. Co.*, 96 N. Y. 444.) We are thus brought to the most serious question in the case, whether the allegations of the complaint are sufficient to relieve the plaintiff from first applying to the corporation for redress of his wrongs. In this long complaint there are but three allegations relied on for that purpose. It is alleged that after the abrogation of the contracts between the Virginia Company and the Atlantic Development Company, and the acquisition by the Goulds of the stock issued to the development company, the Goulds, in February, 1904, caused the election of the board of directors " subservient to the domination and dictation of said defendants." It is also alleged that the " company by its board of directors, acting fraudulently and collusively and under the domination of Frank Gould " issued various amounts of mortgage bonds to the Goulds at an inadequate price. If the complaint alleged that the directors of the corporation at the time of the commencement of the suit were the same as those who had committed

the wrongs for which the suit is brought, it would relieve the plaintiff from making any demand on the corporation, for it may be assumed that such directors would not prosecute or, at least, not prosecute in good faith an action based on their own misconduct. But the complaint makes no such allegation, and, at least by inference, charges the reverse. It is alleged that the Goulds, in February, 1904, by virtue of the acquisition of the stock elected the board of directors. But the wrongful acts complained of were committed not by that board but by its predecessor, and there is nothing to show that the two boards were composed of the same individuals. Nor is the allegation that the new directors were "subservient to the domination and dictation of said Frank Jay Gould and Helen Miller Gould" sufficient to prove that they would not prosecute against the Goulds a well-founded cause of action. It is not necessarily through dishonest or improper motives that persons may be subject to the domination and dictation of others. If the directors were the same as those who committed the wrongs, or if they were acting fraudulently, dishonestly or collusively with the Goulds for the purpose of defrauding the corporation in the latter's interest, it was very easy to say so and there is no reason why the charge should not be explicitly and unequivocally made. In *Brewer* v. *Boston Theatre* (104 Mass. 378) the allegation was " that the present board of directors of said defendant corporation are united in the interest of and under the control of said Tompkins and Thayer." This was held insufficient, the Supreme Court saying: " It does not show that such an application upon a suitable representation of facts, would prove unavailing." It is true that under the rules for the construction of pleadings prevailing in this state great latitude is permitted and inferences generously indulged in to support a pleading. It may well be doubted whether we have not carried this liberality too far and set a positive premium on bad pleading, oftentimes with the result that the worst pleading is the most difficult to meet or answer.

The orders of the Appellate Division and of the Special

Term should be reversed and judgment rendered for the defendants on demurrer, with costs in all the courts, with leave to the plaintiff to serve an amended complaint within twenty days on the payment of such costs. The first and third questions certified should be answered in the negative and the second question answered in the affirmative.

O'BRIEN, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Ordered accordingly.