(50 Misc. Rep. 144.)

### KRANK et al. v. CONTINENTAL INS. CO.

(Supreme Court, Special Term, Saratoga County.  March, 1906.)

INSURANCE—ACTION ON POLICY—COMPLAINT.

> A complaint in an action on a fire insurance policy alleged that the insured property remained in the dwelling until destroyed, that the damage to the property was a certain sum, and that plaintiff saw the damage to the property caused by the fire. *Held* not to sufficiently allege that the insured property was destroyed or injured by fire.
>
> [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1599, 1600.]

Action by John Krank and others against the Continental Insurance Company.  Demurrer to complaint sustained.

R. J. Cooper, for plaintiffs.
W. W. Wemple, for defendant.

SPENCER, J.  This action is brought upon an ordinary fire insurance policy.  In order to recover the plaintiff must allege and prove that the insured property was destroyed or injured by fire.  This fact is not specifically alleged, but the court is asked to infer the same from all the allegations of the complaint.

It is true that, when parties proceed to the trial of an issue of law or fact upon an uncertain or equivocal pleading, the court must regard every allegation which is expressly, impliedly, or argumentatively averred, and so give effect to every fact which can, by reasonable and

fair intendment, be implied from the entire pleading. Marie v. Gar-- rison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. But the loose application of this rule in practice has tended to reduce the science of pleading to the art of wording an allegation so indefinitely that as many different constructions may be placed upon it as the various necessities of the pleader demand. As recently said by the Court of Appeals, it may be doubtful if it has not set a positive premium on bad pleading. O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46–53, 76 N. E. 1082.

In drawing an inference from facts alleged, the rule is that the facts constituting the basis for the inference must be clearly and unequivocally alleged, and not themselves rest, either in whole or in part, upon inference. Thus an allegation so indefinite that its meaning rests upon inference, or so equivocal as to bear two or more constructions, may not be employed to form the basis, either in whole or in part, for another inference. One inference may not be used as the basis for another. Furthermore, the facts constituting the foundations of the inference must reasonably and fairly exclude every other hypothesis except the fact inferred. The present complaint fitly illustrates these rules. The only allegation that the property was in the building at the time of the fire is in these words:

"Said insured property so remained in the said dwelling until the 14th day of August, 1905, at which time a fire occurred in the said dwelling."

Shall we infer from this that the property was in the building at the time of the fire, or shall we infer that it remained there only until the time of the fire? Both inferences may be drawn from the averment. If this were followed by an allegation that the property was destroyed or injured by the fire, the intention would be made apparent, but the complaint contains no such specific allegation. The only allegation in that respect is as follows:

"That the damage and loss to the personal property of the plaintiff insured by the said insurance policy of the defendant is the sum of $4,798.08."

We may infer from this that the property was in fact injured, although there is no specific allegation thereof; but we may not infer that such injury was caused by fire, as the averment does not exclude the hypothesis of injury by other means. But it is contended that another allegation supplies this element. It reads as follows:

"In the forenoon of said day [August 16th, two days after the fire] said plaintiff went to his said house and there saw the damage to the house and contents caused by the fire."

Here again we may infer that the contents of the house were damaged by the fire, but in order to infer that the insured property constituted a part of said contents, we must rely upon the inference to that effect; for, as we have seen, it is not so alleged. Furthermore, the complaint alleges that other property of a similar kind was in the house.

As the complaint does not allege specifically or by fair intendment that the insured property was destroyed or injured by fire, the demurrer must be sustained, but with the usual leave to plead over upon payment of costs.

Ordered accordingly.