(82 Misc. Rep. 404.)

KRICKL v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

INSURANCE (§ 632*)—BURGLARY INSURANCE—ACTION—ALLEGATIONS OF COMPLAINT.

The complaint in an action on a larceny insurance policy was fatally defective for not alleging that the property stolen was that covered by the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1319; Dec. Dig. § 632.*]

Appeal from City Court of New York, Special Term.

Action by Charles A. Krickl against the Ocean Accident & Guarantee Corporation, Limited.   From an order of the City Court denying defendant's motion for judgment on the pleadings, it appeals.   Order reversed, and motion granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Joseph L. Prager, of New York City (Sidney S. Levine, of New York City, of counsel), for appellant.

George Young Bauchle, of New York City, for respondent.

SEABURY, J.   This is an appeal from an order denying defendant's motion for judgment on the pleadings.   The action was brought to recover upon a policy insuring plaintiff against loss by burglary, larceny, or theft of certain articles mentioned in said policy, a copy of which is annexed to the complaint.   The complaint alleges that while said contract of insurance was in force and effect "certain property belonging to plaintiff's wife" was stolen.   The court below denied the motion, on the ground that the plaintiff was entitled under the policy to bring the action in his own name, even though the property belonged to his wife.   The terms of the policy justified this ruling.   The vice of the complaint lies in its failure to allege that the property stolen was the property covered by the policy of insurance.   Such an allegation was essential to the statement of a cause of action.   Rodi v. President, etc., 19 N. Y. Super. Ct. 23; Krank v. Continental Insurance Co., 50 Misc. Rep. 144, 100 N. Y. Supp. 399.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to plaintiff to serve an amended complaint within six days after service of a copy of the order entered herewith, with notice of entry in the City Court, upon payment of costs in this court and the court below.   All concur.