(161 App. Div. 775)

### CLUBB v. COOK et al.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

1. CORPORATIONS (§ 320*)—OFFICERS—ACTIONS FOR ACCOUNTING.

Under General Corporation Law (Consol. Laws, c. 23) § 90, authorizing an action against trustees, directors, managers, or other officers of a corporation to compel them to account for their official conduct, and to pay to the corporation anything due it, and section 91, providing that such action may be brought by the Attorney General or by a creditor, trustee, director, manager, or other officer of the corporation having a general superintendence of its concerns, a stockholder, who was neither a creditor, nor an officer of the corporation, could not maintain such action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

2. CORPORATIONS (§ 211*)—STOCKHOLDER'S ACTION—COMPLAINT—SUFFICIENCY.

A stockholder, suing on behalf of a corporation, must allege a good cause of action in behalf of the corporation and facts authorizing his intervention and the institution of his suit in behalf of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. § 211.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 320*)—STOCKHOLDER'S ACTION—RIGHT OF STOCKHOLDERS TO SUE.

A stockholder cannot maintain an action on behalf of the corporation, unless there is some actual or threatened wrongdoing on the part of the defendants.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

4. CORPORATIONS (§ 320*)—STOCKHOLDER'S ACTION—RIGHT OF STOCKHOLDERS TO SUE.

C. was the president of a corporation, and with a director constituted the firm of C. & Co., which managed the corporation's finances, keeping the accounts in its own books and from time to time rendering to the corporation accounts of its transactions in the corporation's behalf in the shape of transcripts from its books. From these transcripts a set of books was made up by expert accountants employed by the corporation. There was no claim that the firm's books were not properly kept, or did not accurately state the transactions therein recorded, nor that the transcripts were inaccurate, and there was no claim that C. or the firm had made any wrongful profit, had wasted or squandered any assets, or owed anything to the corporation; the only claim being that C. and his partner had failed to cause the corporation to keep proper books of account, and that the firm had failed to render proper accounts of their transactions in behalf of the corporation. *Held*, that a stockholder could not maintain a suit in behalf of the corporation to compel the president and the firm to render accounts to the corporation as to their conduct in the management of its affairs.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

5. CORPORATIONS (§ 320*)—STOCKHOLDER'S ACTION—EVIDENCE.

Assuming that a stockholder in behalf of the corporation could sue the president and a director because of their failure to cause the corporation to keep proper books of account, evidence that such books were in fact kept should have been admitted.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Appeal from Special Term, New York County.

Action by Eleanore Clubb, for herself and all other stockholders of the Cafetal Carlota Company, similarly situated, against George D. Cook, individually, and with Arthur B. Turner, as copartners doing business as George D. Cook & Co., and another. From an interlocutory judgment, directing an accounting by the defendants named, they appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert B. Honeyman, of New York City, for appellants.
Herman S. Hertwig, of New York City, for respondent.

SCOTT, J. This is a stockholder's action to compel the defendant George D. Cook individually, and said Cook and the defendant Arthur B. Turner as copartners in the firm of George D. Cook & Co., to account to the defendant corporation. The complaint alleges that for the period sought to be covered by the desired accounting George D. Cook was the president of the defendant corporation, and was, and at the commencement of the action continued to be, a director, that Ar-

thur B. Turner was also a director from January 1, 1903, until some time in 1907, and that the firm of George D. Cook & Co. were the financial agents of the corporation, and received and disbursed its funds. The relief sought is: (1) As to the defendant George D. Cook that he be compelled to account for his official conduct in the management and disposition of the affairs and assets of the defendant corporation since January 1, 1903; (2) as to the defendants Cook and Turner as copartners that they be compelled to account for their conduct in the management and disposition of the funds of the defendant corporation since January 1, 1903; (3) that the defendants be required to pay to the corporation any sum which may be found due on said accounting.

[1] From the form of relief demanded, as well as from the lack of any allegations in the complaint of any fraud, wrongdoing, or misappropriation by the individual defendant, it would appear that the pleader originally intended to sue under the provisions of section 90 of the General Corporation Law (Consol. Laws, c. 23 [formerly section 1781, Code of Civil Procedure]), which permits an action to be maintained against one or more trustees, directors, managers, or other officers of a corporation to procure a judgment compelling the defendants to account for their official conduct, and compelling them to pay to the corporation any money found to be due. The plaintiff, however, now disclaims any intention of relying upon the statute referred to, as indeed she must do, because by section 91 of the General Corporation Law the only parties authorized to bring such an action are the Attorney General in behalf of the people of the state, or a creditor of the corporation, a trustee, director, manager, or other officer of the corporation having a general superintendence of its concerns. The plaintiff is neither of these. She is obliged to fall back, therefore, in order to uphold her judgment, upon the right of a stockholder to resort to a court of equity, in the right of the corporation, to obtain relief for which the corporation itself ought to sue, but for some reason will not.

[2, 3] Such actions are common, and the rules governing them are well understood. It is necessary, in order to maintain such an action at all, that the plaintiff allege: First, a good cause of action on behalf of the corporation; and, second, facts which authorize his intervention and the institution of his suit in behalf of his corporation. O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 76 N. E. 1082; Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562. To justify such an action, there must be an allegation in the complaint, and to justify a judgment, there must be proof of some actual or threatened wrongdoing on the part of the defendants. What is required to be alleged and proven in such an action against directors or trustees is broadly, but definitely, stated in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827, as follows:

"We understand that doctrine to be that, to enable a stockholder in a corporation to sustain in a court of equity in his own name a suit founded on a right of action existing in the corporation itself, and in which the corporation itself is the appropriate plaintiff, there must exist, as the foundation of the suit, some action or threatened action of the managing board of directors or trustees of the corporation, which is beyond the authority conferred on them by their charter or other source of organization; or such a fraudulent trans-

action, completed or contemplated by the acting managers, in connection with some other party, or among themselves, or with other shareholders, as will result in the serious injury to the corporation, or to the interests of the other shareholders; or where the board of directors, or a majority of them, are acting for their own interest in a manner destructive of the corporation itself, or of the rights of the other shareholders; or where the majority of shareholders themselves are oppressively and illegally pursuing a course, in the name of the corporation, which is in violation of the rights of the other shareholders, and which can only be restrained by the aid of a court of equity; possibly other cases may arise in which, to prevent irremedial injury, or a total failure of justice, the court would be justified in exercising its powers, but the foregoing may be regarded as an outline of the principles which govern this class of cases."

The case from which the above quotation is taken has been frequently cited and followed, and may fairly be said to be a leading case upon the subject. Leslie v. Lorillard, 110 N. Y. 532, 18 N. E. 363, 1 L. R. A. 456; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 53 N. E. 520; Hallenborg v. Greene, 66 App. Div. 592, 73 N. Y. Supp. 403; Continental Securities Co. v. Belmont, 206 N. Y. 19, 99 N. E. 138.

[4] Turning now to the complaint in this action, it is notable that there is an entire absence of any allegation of fraud, misappropriation, or wrongdoing on the part of either of the individual defendants. It is not alleged that they, or either of them, owe any money to the defendant corporation, or have wasted or squandered its assets, or in any other way have done or threatened to do any act injurious to it or. its stockholders. Indeed the plaintiff, in her brief on this appeal, expressly disclaims any charge that wrongful profit has been made either by the defendant Cook individually or by the defendants Cook and Turner as copartners. The gravamen of the complaint, and the sole dereliction of duty charged against the individual defendants is . that they failed to cause the corporation to keep what the plaintiff considers would be proper books of account, and that the defendants Cook and Turner as copartners failed to render what plaintiff thinks would have been proper accounts of their transactions in behalf of defendant corporation. The plaintiff also complains that Cook and Turner as copartners have refused to permit her to examine these copartnership books. The business of the defendant corporation was raising and dealing in coffee. As has been said, George D. Cook was the president, and the firm of George D. Cook & Co. managed the finances of the company, keeping the accounts in their own books under appropriate headings. From time to time the firm rendered to the corporation accounts of its transactions in its behalf, in the shape of transcripts from the firm's books. From these transcripts a set of books was made up by expert accountants employed by the company. It is not suggested that the books of Cook & Co. were not properly kept, and did not accurately state the transactions recorded therein, nor was it questioned that the transcripts furnished to the defendant corporation were accurate, although for some reason the trial court refused to permit proof of these facts to be made.

In our opinion the plaintiff wholly failed to allege or prove, and the court failed to find, any facts which would justify the affirmance of this judgment. The defendants as a firm did furnish reports of its

147 N.Y.S.—7

fiscal operations in behalf of the corporation in the only form possible under the circumstances, to wit, in the form of transcripts showing the details of such operations taken from the books of original entry. These reports were accepted by the corporation, and are not, even now, attacked or impeached. If this action could be maintained upon the meager facts alleged and proven, every stockholder in every corporation in the land might maintain a separate action for an accounting against every person having dealings involving an element of trust with the corporation. This might furnish a fine field of action for persons litigiously inclined, but would not conduce to the benefit of the corporations, or of their stockholders generally.

[5] Even if it might be assumed that the mere failure of the individual defendants to cause the corporation to keep proper books of account furnished a sufficient ground for a stockholder's action (which we do not hold), the question whether such books were in fact kept should have been determined upon the trial, because if it appeared that such books of account had been kept this would be no basis for an interlocutory decree. Proof to establish this fact was offered on the trial, but, on plaintiff's objection, was excluded. This was error even upon plaintiff's theory of the case, but we do not rest one decision simply upon this error, but upon the broader ground that the complaint fails to state, and the proofs fail to establish, facts sufficient to constitute a cause of action.

The judgment appealed from must therefore be reversed, and the complaint dismissed, with costs to the appellants in this court and the court below. All concur.