Anna Smolensky, Plaintiff, *v.* Massachusetts Bonding and Insurance Company, Defendant.

Supreme Court, Broome County, February, 1923.

Insurance — burglary — policy for benefit of husband and members of household — wife who furnishes proof of her loss may maintain action upon the policy.

By the express terms of a policy insuring a husband against loss by theft and burglary of certain articles exactly set forth in a schedule attached to the policy, it was agreed that the insurance should apply to all such property owned by the assured or by any permanent member of his household who did not pay board or rent or by a relative of his permanently residing with him. *Held*, that the premises occupied by the husband and his wife having been burglarized and property belonging to her taken therefrom, she was entitled to maintain an action on the policy though he, not having presented proofs of loss within the requisite time, could not.

Where the complaint of the wife alleged that the property taken belonged to her, that though she had furnished proof of loss to defendant in compliance with the terms of the policy, the defendant had neither paid nor offered to pay her the amount of her loss, the defendant's motion for judgment for the dismissal of the complaint on the pleadings will be denied.

Motion for judgment on the pleadings.

*Mangan & Mangan,* for plaintiff.

*Frederick H. Cowden (Hinman, Howard & Kattell,* of counsel), for defendant.

Kellogg, A. L., J. This is a motion for judgment on the pleadings and for dismissal of the complaint.

It appears that the plaintiff and Harry Smolensky were husband and wife and resided together as such at No. 2385 Eighty-second street, Brooklyn, N. Y.; that on November 1, 1921, Harry Smolensky applied to the defendant for a policy of insurance indemnifying against theft and burglary which was issued to him; that on February 12, 1922, the premises occupied by the plaintiff and her husband were burglarized and property of the value of $963 taken therefrom. The plaintiff alleges in her complaint that the property so taken belonged to her, and avers that she has furnished proof of loss to the defendant in compliance with the terms of the policy, but that the defendant has neither paid nor

offered to pay to her the amount of her loss under the terms of the policy.

The terms of the policy, so far as they affect the parties to this action, were as follows:

A. The insurance company agrees to pay to the person or persons designated in statement " One " thereof.    " One " reads, " Name of assured, Harry Smolensky."    The following provisions are also contained in the policy:

B. It is agreed that the insurance provided by this policy shall apply to all such property owned by the assured or by any permanent member of the household of assured who does not pay board or rent or by a relative of assured permanently residing with him.

C. The assured shall give immediate written notice of any loss by telegraph, etc., and within sixty days shall furnish, under oath, a proof of loss.

D. No suit shall be brought under this policy until three months after the particulars of loss as required herein have been furnished to the company nor at all unless commenced within twelve months after the loss.

The company is absolved from making any payment under this policy unless an action is brought against the company prior to February 12, 1923.

The primary question thus presented on this motion is, notwithstanding the fact that under provision B of the policy it was made to apply to all property owned by the assured or by any permanent member of the household of assured who does not pay board or rent, which, of course, included the plaintiff, can she maintain this action in view of the express terms of provision A of the policy above mentioned, that the defendant insurance company agrees to pay to the person or persons designated in statement " One " thereof, which contains only the name of the assured, Harry Smolensky.

Numerous authorities are cited by the learned counsel for the respective parties in support of their contention, respectively, that the action can or cannot be maintained as a matter of law.

It may be that the precise question in point has not been decided by the courts of this state.    In *Krickl* v. *Ocean Accident & Guarantee Corp., Ltd.*, 82 Misc. Rep. 404, Seabury, J., in writing for the Appellate Term in that case, said: " This is an appeal from an order denying the defendant's motion for judgment on the pleadings.    The action was brought to recover upon a policy insuring plaintiff against loss by burglary, larceny or theft of certain articles mentioned in said policy, a copy of which is annexed to the com-

plaint. The complaint alleges that while said contract of insurance was in force and effect, ' certain property belonging to plaintiff's wife ' was stolen. The court below denied the motion on the ground that the plaintiff was entitled under the policy to bring the action in his own name, even though the property belonged to his wife. The terms of the policy justified this ruling."

The motion, therefore, in that case evidently was to dismiss the complaint because the husband had brought the action instead of the wife whose property was stolen. Seabury, J., says: " That the plaintiff, the husband, was entitled under the policy to bring the action in his own name," but does not state, nor perhaps was the court required to say as to what might have happened with such a motion had the action actually been brought by the wife who suffered the loss and to whom the property belonged. In the case at bar, what were the legal or equitable rights of the parties, if the word " equitable " may be properly here used, as between the plaintiff and the defendant insurance company, in case of the failure or refusal of Harry Smolensky to give notice of the loss of his wife under the terms of the policy, and in the time and manner therein required, taking into consideration the provisions contained in subdivision A of the policy heretofore quoted? Does it mean that taking all of the provisions of the policy as a whole, including subdivision A heretofore quoted, that the plaintiff is without remedy, and must take her loss, if she has one, in silence? I am not able to reach that conclusion.

By the express terms of the policy under consideration, the defendant insured the property owned by the assured, or by any permanent member of the household of assured who does not pay board or rent, or by a relative of assured permanently residing with him. The complaint alleges that the plaintiff is the wife of assured, that the property stolen was hers, that it was in the building in question, and that she has complied with all of the provisions of the policy. There was attached to the policy itself a schedule which sets forth just exactly what property was insured. The company had full notice of what they were insuring, and had accepted the premium for the policy insuring this property. No proof of loss was ever presented by Harry Smolensky, the plaintiff's husband, either in writing or otherwise, and no action has been · brought by him. The construction claimed by the defendant is not equitable. The defendant accepted the risk and insured the property of both the plaintiff and her husband. No proof of loss having been presented by Harry Smolensky within the requisite time, he could not now bring any action against the company if this motion is sustained. It would also bar the plaintiff from

prosecuting her action to recover the considerable loss she alleges she has sustained, although the defendant company covenanted to cover her property as specified in the policy and for which it accepted a premium.

For the reasons stated, the motion to dismiss is denied, with ten dollars costs.

Ordered accordingly.