IDA MARCO, as Ancillary Administratrix of the Estate of HARRY MARCO, Deceased, a Stockholder in the Blue Ridge Corporation, on Behalf of Himself and All Other Stockholders Similarly Situated and on Behalf of Said Blue Ridge Corporation, Respondent, v. ARTHUR SACHS et al., Defendants, HARRISON WILLIAMS et al., Appellants, and BLUE RIDGE CORPORATION, Respondent.—A stockholder, in a derivative action, seeks redress of alleged wrongs perpetrated on a corporation by the individual defendants. Motion by eight of the individual defendants to dismiss the complaint for insufficiency and to dismiss certain parts of the cause of action as insufficient. Order denying motion to dismiss complaint for insufficiency reversed on the law, with one bill of $10 costs and disbursements, and motion granted, without costs, with leave to plaintiff to serve an amended complaint within twenty days after service with notice of entry of the order entered hereon. Appeal from so much of order as denies motion to dismiss portions of complaint dismissed, without costs, as academic. The excuse alleged in the complaint for the admitted failure of the plaintiff to demand of the Board of Directors of defendant corporation that it commence an appropriate action is insufficient. Alleged subservience of the directors to a wrongdoer does not show the uselessness of a demand on the ground that such directors would forego their duty. (*O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46, 53.) The pertinent allegations contained in this complaint do not set forth facts showing or fairly creating the inference that the directors are such only in form, and that the wrongdoer or wrongdoers against whom relief is sought actually perform such directorate duties. Hagarty, Johnston, Adel and Lewis, JJ., concur; Close, P. J., dissents and votes to affirm, with the following memorandum: Under the special circumstances revealed by this record, the pleading is sufficient. Given every fair inference and intendment, it is alleged that the directors of the corporation are under the control of one of the principal defendants, such control being exercised through a majority ownership of the common stock of the defendant corporation. Viewed realistically, a demand under such circumstances would be futile. (*Lonsdale* v. *Speyer*, 249 App. Div. 133; *Del. & Hud. Co.* v. *Albany & Susquehanna*, 213 U. S. 435; *Doctor* v. *Harrington*, 196 U. S. 579; 6 Thompson on Corporations [3d ed.], § 4596.)' [See *post*, p. 902.]