JEROME KRAMER et al., Copartners Doing Business as SEARS & Co., et al., as Stockholders of METROPOLITAN COMMERCIAL CORP., on Behalf of Themselves and all Other Stockholders of Said Company, Similarly Situated, and in the Right of Said Company, Plaintiffs, *v.* METROPOLITAN COMMERCIAL CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, November 12, 1954.

*Henry Steinberg* for Lowell M. Birrell, defendant.

*Samuel N. Levenkind* for Henry A. McCarthy and another, defendants.

*Irving M. Gruber* and *Leanora S. Gruber* for William Saxe, defendant.

*Stuart Kleiger* for Metropolitan Commercial Corporation, defendant.

*Ide & Haigney* for Bernard Relin, defendant.

*Nathan B. Kogan* for plaintiffs.

MATTHEW M. LEVY, J. This is a derivative stockholders' suit. There are eleven causes of action now set forth in the second consolidated amended complaint. Each alleges a separate transaction of the purchase or sale by the subject corporation of securities which in each instance was accomplished (as claimed) for the benefit and to the profit of one or more of the individual defendants. Initially two suits had been commenced, at different times, the first known as the Hennessey action, the second as the Heyman action. The Hennessey complaint was twice amended; the Heyman complaint was not amended. The actions were eventually consolidated and various causes of action set forth in one or both of the original complaints were introduced therein or into the instant litigation at different times.

The present motion attacks the second consolidated amended complaint, and this attack in the first instance seeks dismissal under subdivision 5 (since 1951, this has been subd. 4) of rule 106 of the Rules of Civil Practice, for insufficiency on its face. The issue raised is that the plaintiffs have failed adequately to allege why a demand upon the directors of the corporation to institute and prosecute suit would be futile with respect to each specific charge of wrongdoing (*O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46, 52–53; *Marco* v. *Sachs*, 269 App. Div. 845, affd. 295 N. Y. 642). It is stated in support of the motion that the fact is that the membership of the board of directors was not the same or continuing, but that it varied, at the respective times when the several causes were first introduced into the litigation. The contention is, therefore, that the complaint is insufficient because it is not shown by allegation who the directors were at the respective times suit was instituted as to each cause and upon

whom demand to sue with respect to each cause would be made and that would render a demand futile as to the current board of directors. The difficulty with these claims and contentions — irrespective of their verity or validity — is that the defect claimed does not appear on the face of the complaint. For that reason the relief requested in subdivision 1 of the notice of motion is denied.

No doubt realizing the likelihood of the foregoing determination, the notice of motion proceeds to request relief under rules 102 and 103 of the Rules of Civil Practice. Under subdivision 2 of the notice of motion, the issue is raised with respect to paragraph 12 of the present complaint that the allegation that certain named defendants were directors from specified dates to the " date of the commencement of this action ", should be clarified by making it appear more definitely what date is meant thereby — since it could mean the date of the commencement of the Hennessey action or of the Heyman action or of the introduction of the particular cause of action, and the latter is the date which should be stated. Also, invoking rule 102 of the Rules of Civil Practice, the attack is directed to paragraphs 13, 14, 15, 18 and 19 of the complaint now in force. The defendants urge that such words as " now ", " to date " and " present ", appearing in all of the above paragraphs, should be required to be clarified as to whether they refer to the date of the verification of the second consolidated amended complaint and, if not, then to what date the respective words do refer. With these contentions I agree. The reason is quite plain. The dominance and control of the corporation and the ability of the board of directors to act with respect to each of the several causes of action would be material and relevant only as such dominance existed and as the board was constituted at the time the suit was commenced as to the particular cause of action or as to when that precise cause was introduced into the litigation. (Cf. *Harriss* v. *Tams*, 258 N. Y. 229, 241.) The defendants are entitled to have the information referred to at this time, so as to enable them to move or plead with respect to the feature of futility of demand in the light of full disclosure in that direction. The requisite assertion in that regard is not presently properly set forth, and the complaint should therefore be made more definite and certain (cf. *Hanson* v. *Hanson*, 203 Misc. 396).

I deem it unnecessary at this time to pass upon the application for the relief sought under subdivision 3 of the notice of motion (invoking Rules Civ. Prac., rule 103). The service of

the further amended complaint pursuant to the relief granted under subdivision 2 of the notice of motion may sufficiently ameliorate the situation, and thus render moot the relief under subdivision 3 thereof.

Order signed.