■ ABRAHAM BARR, Respondent, v. KENNETH B. WACKMAN et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered on July 3, 1973, denying defendants' motion to dismiss the complaint, affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. In this derivative suit, the defendants moved to dismiss the complaint for failure to comply with subdivision (c) of section 626 of the Business Corporation Law, which requires a complaint to state with particularity efforts of the plaintiff to secure initiation of action by the board or reasons for not making such effort. Special Term denied that motion. The complaint alleges violation by the directors of their fiduciary duties with great specificity. It then states that a demand was not made of the directors to take appropriate action because the majority of the board participated in and authorized the wrongdoing and are named defendants in this action. While it is true that if the wrongdoing is by a majority stockholder one must still make a demand of the board of directors before initiating a derivative suit (cf. *Marco* v. *Sachs*, 269 App. Div. 845, affd. 295 N. Y. 642; *McQuade* v. *Cook*, 275 App. Div. 774, 775). Such demand is nonetheless excused where the board itself is accused of patent breach of its fiduciary duties and its members are named as parties defendant (cf. *Doctor* v. *Harrington*, 196 U. S. 579; *Delaware and Hudson Co.* v. *Albany and Susquehanna R. R. Co.*, 213 U. S. 435; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7, 19; *Matter of Kauffman Mut. Fund Actions*, 479 F. 2d 257, 264). The specific allegations in the case at bar are in the latter category and are therefore sufficient to withstand a motion to dismiss for failure to state a cause of action. Concur — McGivern, J. P., Markewich, Lane and Steuer, JJ.; Capozzoli, J., dissents in the following memorandum: Plaintiff, as a stockholder, brings this derivative action in the right and for the benefit of Talcott National Corporation and, representatively, on behalf of himself and all other stockholders similarly situated. Subdivision (c) of section 626 of the Business Corporation Law provides that, in a shareholders' derivative action, " the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort ". In an attempt to comply with this requirement, paragraph 25 of the plaintiff's complaint alleges the following: " 25. Plaintiff has made no demand on the Board of Directors of Talcott to take action with respect to the wrongs herein alleged since the majority of the Talcott Board of Directors participated in, authorized, and approved the acts and transactions complained of herein and are liable therefor. Said directors are defendants in this action. They cannot be expected to vote to prosecute an action against themselves. By reason of the foregoing, such

demand would be futile and is therefore unnecessary." In a similar conclusory fashion the complaint alleges that the five directors, who are charged with affirmative wrongdoing, dominated and controlled the corporation and its board and caused the majority to participate in, authorize and approve the allegedly wrongful conduct now attributed to the board. In *Continental Securties Co.* v. *Belmont* (206 N. Y. 7, 19), in speaking of the functions and powers of a board of directors of a corporation, the court said: "It is the governing body or bodies of a corporation with power to enforce a remedy to whom complaining stockholders must go with their demand for relief. The governing body of corporations in this state, as we have seen, is the board of directors. A complaining stockholder must go to such board for relief before he can bring an action, unless it clearly appears by the complaint that such application is useless." In *Marco* v. *Sachs* (269 App. Div. 845, affd. 295 N. Y. 642), also a stockholders' derivative action, the plaintiff, in an attempt to comply with the requirement of subdivision (c) of section 626 of the Business Corporation Law alleged in her complaint as follows: "Twenty-second: No demand has been made upon the Board of Directors of the defendant company to bring an action for relief appropriate to the facts herein alleged, inasmuch as the entire Board is constituted of appointees or designees of the defendant Harrison Williams, all of whom are wholly subservient to said individual defendant. That a demand upon the Board of Directors would therefore be a vain and futile act, since the defendant Harrison Williams or his interests control a majority of the common stock of the defendant corporation, designate its directors and dictate its policies." The defendants, in the last-cited case, moved to dismiss the complaint on the ground, amongst others, that it alleged no demand by the plaintiff on the defendant corporation or any of its directors to bring suit against the other defendants named in the action and, further, that it alleged no sufficient excuse for failure to make such demand. These are the same grounds urged by the defendants in the case at bar in support of their motion to dismiss the complaint. In the *Marco* case (*supra*), Special Term denied the motion to dismiss. On appeal to the Appellate Division, Special Term was reversed by divided vote and the complaint was dismissed for insufficiency. The Court of Appeals unanimously affirmed. At page 845 of the Appellate Division opinion, the court said: "The excuse alleged in the complaint for the admitted failure of the plaintiff to demand of the Board of Directors of defendant corporation that it commence an appropriate action is insufficient. Alleged subservience of the directors to a wrongdoer does not show the uselessness of a demand on the ground that such directors would forego their duty. (*O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46, 53.) The pertinent allegations contained in this complaint do not set forth facts showing or fairly creating the inference that the directors are such only in form, and that the wrongdoer or wrongdoers against whom relief is sought actually perform such directorate duties." An examination of *O'Connor* v. *Virginia Passenger and Power Co.* (184 N. Y. 46), cited in the *Marco* case, shows the following at page 52 of the opinion: "In a derivative action of the character of the present one 'the complaint should allege that the corporation, on being applied to, refused to prosecute, and that this averment constitutes an essential element of the cause of action.' [citing cases] The complaint alleges no such demand or refusal. The general rule is subject to this exception, that where facts are alleged showing that the demand would be unavailing, a demand is unnecessary." A very recent case, which I consider to be directly in point, *Matter of Kauffman Mut. Fund Actions* (479 F. 2d 257, cert. den. 414

U. S. 857), considered the very question presented to us by the case at bar. The court held that that complaint should be dismissed because of the failure of the plaintiff to allege with particularity the reasons for not making demand on the directors, as required by the Federal Rules of Practice. At page 263 of the court's opinion there is found: " Socially desirable as minority stockholders' actions may be thought to be * *. * it is normally the directors, not the stockholders, who conduct the affairs of the company. Hence, to be allowed, sua sponte, to place himself in charge without first affording the directors the opportunity to occupy their normal status, a stockholder must show that his case is exceptional. * * * the ' cause of failure [to induce corporate action] . . . should be stated with particularity '." In our case the plaintiff has not factually demonstrated, with particularity, that a demand on the diretcors would have been futile. For the reasons given I dissent from the majority's conclusion, vote to reverse the order appealed from and to dismiss the complaint.