OPINION OF THE COURT
Edward J. Greenfield, J.
This is an action for declaratory judgment and for libel. The defendant Alkoff, and his attorneys, who were also named as defendants, have moved to dismiss the libel causes of action on the ground that the alleged libelous communication is to be accorded an absolute privilege.
Plaintiff Gold and defendant Alkoff were formerly the sole shareholders, directors and officers of Intersoft Corp., the corporate defendant. Financial conditions made it imperative that they bring in new investors and pursuant to a new shareholder’s agreement, plaintiff Gold was to sell his shares at $35 a share. Alleging that Gold refused to honor his agreement, Alkoff and other shareholders, through the law firm of Arnheim, McCostis, Lehman & Gikow, brought an action against Gold in April 1983 in this court seeking specific performance of the shareholder’s agreement. Although various releases had been executed as between the parties, Alkoff claims to have discovered that Gold had made misrepresentations concealing conflicting interests and breach of fiduciary duties. Accordingly, at Alkoff’s direction, his attorney wrote a letter dated March 13, 1984, to the board of directors of Intersoft informing them of these claims and requesting that action be taken by the board.
*199 The March 13 letter advises the Intersoft board of directors that Alkoff intended to bring legal proceedings against Gold either directly, or depending on the action taken by the board, in the form of a derivative action on behalf of Intersoft. The letter advises the board that investigation revealed that Gold intended to deprive the company of certain benefits in violation of his fiduciary obligation and in breach of his employment contract. It was further claimed that a failure by Gold to disclose material facts could constitute sufficient basis for setting aside the releases, and that in the opinion of the law firm, the releases would not preclude Gold’s being held liable for negligence and fraud. Gold responded by bringing this action for declaratory judgment and for libel.
Gold has alleged that the contents of the March 13,1984 letter were false and defamatory, referring specifically to the allegations of violation of fiduciary obligations and breach of contract, and charges that he formed another company to create opportunities for that entity. Gold alleges that the letter imputes to him crimes of theft and misappropriation, as well as civil wrongs of mismanagement, negligence and fraud. With respect to the libel causes of action, the defendants claim absolute privilege, contending that the statements in the letter were made in connection with the bringing of judicial proceedings.
It is well settled that a communication between parties or their attorneys during the pendency of a litigation is absolutely privileged, and cannot constitute the basis for an action in libel. (Wolf v Musnick, 84 AD2d 503; Restatement [Second] of Torts §§ 586, 587; Andrews v Gardiner, 224 NY 440, 446.) The question posed here is whether the March 13 letter, although not itself published during the course of litigation, was nevertheless so closely related to pending litigation and as a prelude to a second judicial proceeding as to also warrant the cloak of absolute privilege.
Unlike Seltzer v Fields (20 AD2d 60, 62, affd 14 NY2d 624), cited by the defendants, where the offending statement was published in a complaint in judicial proceedings and the question was whether it was pertinent to the issues, the March 13 letter did not relate to the pending litigation. The prior lawsuit was brought by Alkoff and others seeking a declaratory judgment that they had accepted Gold’s offer to sell 6,900 shares of Intersoft, and seeking specific performance to enforce the sale. The letter, on the other hand, relates to conflicts of interest and breaches of fiduciary obligations by Gold — quite different from the disputed breach of contract claim which forms the gravamen *200 of the pending lawsuit, and is indeed asserted to “provide an independent basis for legal action by Intersoft arid its directors”. In Simon v Potts (33 Misc 2d 183), also cited by defendants, the letter involved related to pending probate proceedings. Since the March 13 letter has no real relation to the pending action, the only question presented is whether it should be accorded absolute privilege as being pertinent to, and in fact a necessary precondition to a contemplated future action. The absolute privilege, as early defined in Marsh v Ellsworth (50 NY 309, 311), was limited “in respect to words or writings used in the course of such proceedings * * * when such words and writings are material and pertinent to the question involved”. However, the Restatement (Second) of Torts § 586 suggests: “[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding”.
The Restatement at section 587 accords the same immunity to a party in litigation. Accordingly, defendants contend that since their March 13 letter was a necessary antecedent to a stockholder’s suit, absolute privilege should attach. Business Corporation Law § 626 (c) requires that in an action brought by a shareholder on behalf of a corporation, the complaint is to set forth the efforts made by the plaintiff to secure action by the board of directors. (Barr v Wackman, 43 AD2d 689, affd 36 NY2d 371.) The complaining stockholders must apply to the board of directors for relief before they can bring an action, unless it appears that such an application would be useless. (Continental Sec. Co. v Belmont, 206 NY 7, 19.)
Since a shareholder cannot make an intelligible or effective demand for action by the board of directors without setting forth a factual basis for such a demand for action and some conclusion as to the nature of the wrongs sought to be remedied, there is some logical appeal to the contention of the defendants. The argument founders on two difficulties, however. First, while the letter is claimed to be a prerequisite for a suit against Gold by the corporation or its stockholders for corporate wrongs, it does not appear that the letter was in fact followed up by such a lawsuit. Second, and more important, the New York courts do not appear to have adopted the broad doctrine propounded by the Restatement of Torts.
While the parties cite no cases directly in point dealing with an alleged defamatory matter contained in a letter prior to a stockholder’s derivative action, the general language adopted in several decisions appears to require a restrictive approach to the *201 few litigation situations in which absolute privilege will be granted. In Kenny v Cleary (47 AD2d 531, 532), it was held that absolute privilege does not attach to the alleged defamatory statement if it is made before the commencement of the judicial proceedings, but that a qualified privilege may be pleaded, which requires a trial on the issues of falsity and malice. In Park Knoll Assoc, v Schmidt (59 NY2d 205, 209), the court declared that “a witness is immune from suit for defamatory remarks pertinent to a judicial proceeding * * * but not for those made before the proceeding commences”, citing Uni-Service Risk Mgt. v New York State Assn. of School Business Officials (62 AD2d 1093). In the Uni-Service case, the defendant had stated after the termination of an examination before trial in a pending proceeding that plaintiff had misappropriated funds. Two months later, a new action was begun to recover the allegedly misappropriated funds. It was held that the statement of the defendant made prior to a suit actually commenced was not absolutely privileged. Admittedly, however, that statement was not a prerequisite of the litigation.
Particularly instructive is the case of Toker v Pollak (44 NY2d 211). In that case, derogatory information was supplied to the Mayor’s screening committee with respect to a prospective candidate for judicial appointment. Thereafter, the informant was requested to submit an affidavit to the District Attorney in lieu of testimony before the Grand Jury. In the ensuing defamation action by the candidate as to whom derogatory information had been supplied, the question presented was whether the statements made in lieu of Grand Jury testimony were protected by an absolute or qualified privilege. The Court of Appeals held that the grant of absolute, rather than qualified privilege, which in effect conferred immunity for statements, was to be stringently applied. The protection of absolute privilege is to be granted only to those who participate “in a public function, such as judicial (Pecue v West, 233 NY 316), legislative (Roberts v Pratt, 174 Misc 585), or executive proceedings (Cheatum v Wehle, 5 NY2d 585)” (id., at p 219). The court drew a distinction between the witness testifying before a Grand Jury, a statement made in a judicial proceeding, which would be given absolute immunity, and a communication with a law enforcement officer antecedent thereto. The communication of a complainant even to a District Attorney, which clearly has to precede the commencement of criminal proceedings, does not constitute an incident to a judicial proceeding (id., at p 221). While the court reaffirmed the grant of absolute immunity in the filing of a claim before a Workers’ Compensation Board (Lipton v Fried *202 man, 2 Misc 2d 165), the filing of a complaint before a Grievance Committee of a Bar Association (Wiener v Weintraub, 22 NY2d 330), and the filing of a complaint with respect to the licensing of real estate agents (Julien J. Studley, Inc. v Lefrak, 50 AD2d 162, affd 41 NY2d 881) each of these proceedings was held to be quasi-judicial. The body complained to was empowered to take remedial action.
Certainly, if the defendants made the statements complained of in a complaint as part of a lawsuit, those statements would have been clothed with absolute privilege. As the statements here were extrinsic to any, pending lawsuit, application of the law as enunciated by the Court of Appeals compels denial of absolute privilege or immunity to the statements made by defendants in their March 13 letter. It therefore follows that the motion of the defendants to dismiss the libel cause of action must be denied.