The opinion of the Court was delivered at the sittings after this term, by
Putnam J.
No objection has been made to the charge to the jury, or to the course of proceeding, as to the question of probable cause. Generally, this is a question of law to be de cided by the court ; but where the evidence is circumstantial, and presumptions of fact may be raised, it is proper that the evidence should be submitted to the jury, under a direction from the court as to the facts necessary to be made out to establish in law such probable cause. And this does not seem to be opposed to the general principle, that when the facts are agreed, the question of probable cause is a question of law.
On the subject of damages, the objection is, that the jurj were not authorized to give damages for any injury done to the plaintiffs’ characters by the charge complained of.
The declaration in this case does not contain any allegation that the defendant, in his complaint to the board of health, stated that the plaintiffs knew that the meal which they were about to sell was unwholesome. It is merely stated, that the defendant made the complaint maliciously, and that it was false.
But that might have been so, and yet the general character of the plaintiffs might not have been implicated by the proceeding.
The St. 36 Geo. 3, c. 60, § 2, enacts, that no person shall expose metal buttons marked with the word gilt, knowing the same not to be gilt, under a penalty. Tn the case of Rex v. Jukes et al., 8 D. & E. 537, the information against the defendants set forth, that the defendants unlawfully and fraudulently exposed for sale metal buttons marked gilt, which were not gilt, contrary to the form of the statute. But the court. *533 notwithstanding they had a strong dQs/re to support the conviction, decided that it should have been alleged, that the defendants knew the same not to be gilt with gold ; for which reason the conviction was not supported.

August 3d.

The St. 1784, c. 50, against selling unwholesome pro vis ions, requires a knowledge on the part of the vendor which would not be inferred from the mere fact that the provisions were unwholesome. In the case under consideration, if the complaint which the defendant made against the plaintiffs had been proved, they might have suffered loss from a seizure of the meal ; but their general character could not have been affected, unless the defendant had averred that the plaintiffs knew the bad state of the provisions. The mere fact of selling such provisions may take place consistently with perfect integrity and innocence ; just as the most honest man in the community may happen to pass a counterfeit bill. The naked fact would not be a ground for imputing any unworthy motive. It is the accusation that the party knew that the bill was counterfeit,— that the buttons (in the case before cited) were not gilt with gold,— that the meal (in the case at bar) was unwholesome,—which affects the general character. Now the declaration in the case at bar contains no such averment. The d°fe idant had therefore no notice to answer to such an inquiry, and the jury should not have been permitted to have taken the subject into consideration in assessing the damages.'
It is upon this ground that we set aside the verdict'and grant a new trial.