(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

LIBEL—COMPLAINT—ALLEGATIONS—SUFFICIENCY.

> Code Civ. Proc. § 535, makes it unnecessary in an action for libel to state in the complaint any extrinsic fact showing the application to the plaintiff of the defamatory matter, but declares that plaintiff may state generally that it was published concerning him. A complaint alleged that defendant published of and concerning plaintiff that a certain person got into the hands of a lot of keen-witted adventurers and that they were gold-brick men and crooks of the most dangerous pattern. *Held*, that a demurrer on the ground that the article contained no statement sufficiently descriptive of a particular person or class to enable them to be identified was properly overruled.

> [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 188.]

Appeal from Trial Term, Kings County.

Action by Willis G. Townes against the New York Evening Journal Publishing Company and Star Company. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, HOOKER, and MILLER, JJ.

Clarence J. Shearn, for appellants.
George A. McLaughlin, for respondent.

MILLER, J. The defendants appeal from an interlocutory judgment overruling demurrers to a complaint which charges that they published of and concerning the plaintiff the following alleged libel:

"Wizard Inventor declares he will protect the name of Edison and pursue the men who misled his son with last dollar. Edison calls them crooks. He got into the hands of a lot of keen-witted adventurers. The name of Edison sounded like the chink of gold to these gold-brick men. Mind you, I am calling them gold-brick men, and that is exactly what they are. They are crooks of the most dangerous pattern. I know every one of them. I have looked them all up. They have engineered schemes of all kinds; crooked schemes all of them."

The argument of the appellants is that the article contains no statement sufficiently descriptive of a particular person or class to enable that person or class to be ascertained or identified, and that therefore it is bad on demurrer, notwithstanding the allegation in the complaint in conformity with section 535 of the Code of Civil Procedure. The article is libelous per se, and obviously refers to some person or persons. The allegation that it refers to the plaintiff is an allegation ot fact (section 535 of the Code of Civil Procedure) which the demurrer necessarily admits. Of course, said section was designed to furnish a new rule of pleading, and not of proof; and while the plaintiff may be unable to establish the application of the article by proof of extrinsic facts we are dealing with an admitted fact, which for aught that appears the plaintiff may be able to establish, and the Court of Appeals has gone no further than to hold that alleging the application of the article in the language of section 535 will not save a complaint from demurrer, where such allegation is rendered nugatory by other allegations in the

complaint showing that the article complained of could not possibly have referred to the plaintiff. Fleischmann v. Bennett, 87 N. Y. 231; Corr v. Sun Printing & Publishing Association, 177 N. Y. 131, 69 N. E. 288.

The interlocutory judgment overruling the demurrers should be affirmed, with costs. All concur.

