(170 App. Div. 459)

### HEHMEYER v. HARPER'S WEEKLY CORPORATION et al.

(Supreme Court, Appellate Division, First Department. December 10, 1915.)

1. **LIBEL AND SLANDER ☞12—SPECIAL DAMAGE.**
   Where a written publication is not libelous per se, it is actionable only if it occasions special damage.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 97; Dec. Dig. ☞12.]

2. **LIBEL AND SLANDER ☞9—ARTICLE NOT LIBELOUS PER SE.**
   Where defendant published an article entitled "Doc Munyon and His Pals," and therein, under the caption of "Some Old Favorites," discussing Dr. Kilmer's Swamp Root, Mrs. Winslow's Soothing Syrup, etc., in a separate four-line paragraph printed "Sanatogen, 'the life food and nerve tonic': just plain, ordinary cottage cheese prepared in powder form," there being published on the same page of the article the label on bottles of Sanatogen, showing that it was patented in the United States and the name registered, that Bauer & Co. of Germany, was the sole manufacturer, and that the Bauer Chemical Company, under which name the plaintiff, suing for libel, conducted business, was the sole licensee and agent in the United States, such publication was not libelous per se as to the plaintiff, since an attack, not upon a manufacturer or trader, but upon the quality of an article he makes or sells, to be actionable per se, must import that he is guilty of deceit or malpractice in making or selling the article, which the instant publication failed to do; it not charging that plaintiff was aware of the ingredients of Sanatogen, etc.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. ☞9.]

3. **LIBEL AND SLANDER ☞9—LIBEL PER SE.**
   Where defendant published an article under the title "Doc Munyon and His Pals," stating that the nerve tonic, for the German manufacturer of which plaintiff was the sole agent in the United States, was plain cottage cheese in powdered form, such article was not libelous per se as to the plaintiff, as charging him with being a pal of Dr. Munyon, whom the article charged to be a fraud and a cheat, without alleging connection between Munyon and the plaintiff, except in the title.

   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. ☞9.]

Appeal from Special Term, New York County.

Action by Frederick W. Hehmeyer, doing business under the tradename of the Bauer Chemical Company, against Harper's Weekly Corporation, the McClure Publications, Incorporated, and Norman Hapgood. From an order overruling their demurrer to the complaint, certain defendants appeal. Reversed, and demurrer sustained, with leave to plaintiff to amend.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Emory R. Buckner, of New York City (J. Lloyd Derby, of New York City, on the brief), for appellants.

Richard H. Clarke, of New York City, for respondent.

LAUGHLIN, J.  This is an action for libel, and it is based on a 2¼-page article published on the 16th day of June, 1915, in Harper's Weekly, of which it is alleged the defendant Hapgood is editor and manager, and which is published and managed by the other two defendants.  The plaintiff, under the name and style of the "Bauer Chemical Company," was engaged in business at 30 Irving Place, borough of Manhattan, New York, and elsewhere, and sold and imported pharmaceutical and medicinal preparations, including the importing and selling of the patented food tonic "Sanatogen," and, according to the allegations of the complaint, was the sole agent and licensee in the United States for the manufacture and sale thereof; but it is not alleged that he ever manufactured it.

The theory of the complaint is that the article is libelous per se against the plaintiff individually and in his business.  The demurrer, jointly interposed by appellants, is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.  Special damages are not alleged, and therefore the question presented by the appeal is whether the article is libelous per se against plaintiff individually or in his business.  Philipp Co. v. N. Y. Staats-Zeitung, 165 App. Div. 377, 390, 150 N. Y. Supp. 1044.

[1, 2] I am of opinion that the article is not libelous per se, and that therefore it was essential to a statement of the cause of action that special damages be alleged.  The article purported to have been written by one George Creel, and the headline in large type was "Doc Munyon and His Pals."  In forceful language it denounces certain specified patented medicines, nostrums, and foods as fraudulent, worthless, and dangerous to health, and exposes the ingredients of which the same are composed as disclosed by chemical analysis.  Toward the end of the article, and under a subheading, "Some Old Favorites," discussing Dr. Kilmer's Swamp Root, Mrs. Winslow's Soothing Syrup, Mrs. Lydia Pinkham's Vegetable Compound, Beecham's Cough Pills, Beecham's Pills, Campho-Phenique, Glycozone, Lactopeptine, Vin Mariani, Baume Analgesique Bengue, the article in a separate four-line paragraph contained the following:

"Sanatogen, 'the life food and nerve tonic': just plain, ordinary cottage cheese, prepared in powder form."

On the same page of the article was published what purports to be a picture of the label on the bottles in which Sanatogen is offered for sale, showing that Sanatogen was patented in the United States, that the word Sanatogen was registered, that Bauer & Company, of Berlin, Germany, was the sole manufacturer, and that the Bauer Chemical Company, under which name the plaintiff conducts business at 30 Irving Place, New York City, was the sole licensee, importer, and

agent for the Berlin Company, and underneath the picture of the label the paragraph already quoted was printed in italics.

It has long been the settled law of this state that an attack, not on a manufacturer or trader, but upon the quality of an article he makes or vends, must, to be actionable per se, import that he is guilty of deceit or. malpractice in making or vending the article, and otherwise there is no cause of action unless special damages are alleged. Tobias v. Harland, 4 Wend. 537; Kennedy v. Press Publishing Co., 41 Hun, 422; Le Messena v. Storm, 62 App. Div. 150, 70 N. Y. Supp. 882; Marlin Fire Arms Co. v. Shields, 171 N. Y. 384, 64 N. E. 163, 59 L. R. A. 310, and cases cited; Philipp Co. v. N. Y. S.-Z., supra. See, also, Dooling v. Budget Pub. Co., 144 Mass. 258, 10 N. E. 809, 59 Am. Rep. 83; Victor Safe & Lock Co. v. Deright, 147 Fed. 211, 77 C. C. A. 437, 8 Ann. Cas. 809; Hopkins Chem. Co. v. Read Drug & Chemical Co., 124 Md. 210, 92 Atl. 478; Bosi v. N. Y. Herald Co., 33 Misc. Rep. 622, 68 N. Y. Supp. 898, affirmed 58 App. Div. 619, 68 N. Y. Supp. 1134.

The designation of plaintiff as licensee, importer, and agent is the only reference in the publication either directly or indirectly to him or to the name under which he conducts business. Undoubtedly the plaintiff is sufficiently connected with the article by the label specifying the name under which he transacted business (Corr v. Sun Printing & Pub. Co., 177 N. Y. 131, 69 N. E. 288), and that is admitted by the demurrer (Townes v. N. Y. Evening Journal Co., 109 App. Div. 852, 96 N. Y. Supp. 822). It will be observed that the article, in so far as it relates to Sanatogen, is an attack not upon the plaintiff or the Bauer Chemical Company, but upon the patented article itself, and perhaps upon the Bauer Company of Berlin, the manufacturers thereof.

It is not, however, charged that the plaintiff was aware of the ingredients of which Sanatogen was composed, nor is it charged that he or the Bauer Chemical Company was guilty of any false representation or of deceit in advertising or selling Sanatogen. It is alleged that the plaintiff is the sole agent and licensee in the United States for the manufacture and sale of Sanatogen, and it is claimed that it is therefore to be assumed that plaintiff knew the ingredients thereof, although it is not alleged that he ever manufactured it. But the alleged libelous article does not show that the plaintiff was authorized to manufacture Sanatogen, and it is not susceptible of such an inference. The mere fact that he was selling it is not sufficient to charge him with knowledge of the ingredients. Hemmenway v. Woods, 18 Mass. (1 Pick.) 524. It is not charged that he advertised it as the life food and nerve tonic, nor is it stated by whom, if any one, it was so held out. The reference to plaintiff's business name was plainly incidental to the object of the publication, and does not constitute an attack upon his integrity or honesty. See Rossiter v. N. Y. Press Pub. Co., 141 App. Div. 339, 126 N. Y. Supp. 325.

The learned counsel for the respondent cites Larsen v. Brooklyn Daily Eagle, 165 App. Div. 4, 150 N. Y. Supp. 464, affirmed 214 N. Y. 713, 108 N. E. 1098, as decisive of this appeal. In that case the

Appellate Division on demurrer sustained the sufficiency of the complaint, and on certification to the Court of Appeals that court also sustained it. The complaint there showed that the libelous article charged that ice cream manufactured by the plaintiffs under the name of the Neapolitan Ice Cream Company was sold at a specified store; that on a particular occasion a child, after eating some of the ice cream, was seized with convulsions and died, and that it was believed that the death was caused by the ice cream; and that four other children had been taken ill after eating the ice cream in the same store, and that one of them was seriously ill. Judge Burr, in writing for the majority in the Appellate Division, said:

"Ordinarily, a number of persons would not be made ill, and in one instance such illness be followed by death, after consuming an article of food, and directly in consequence thereof, unless such food contained injurious ingredients. While such ingredients may enter into the composition in a single instance without involving evil conduct on the part of the manufacturer, where it is repeatedly done, but one inference may be drawn, and that is that the consequence is the result of deceit and malpractice on his part. So construed, this article is more than a libel upon the thing manufactured; it is a reflection upon the honesty and integrity of the manufacturer. In Kennedy v. Press Publishing Co., 41 Hun, 422, relied on by respondent in this case, the court say: 'A libel on a thing may constitute a libel on a person. Thus to say of a brewer that he adulterates his beer would be a libel upon him in his trade, not because of the allegation that the beer was bad, but because the language would import deceit and malpractice on the part of the brewer.' * * * If the article complained of had simply charged the commodities with being worthless, but not unwholesome, it would not have been actionable per se. In the case at bar the charge is much broader than that."

That case is clearly distinguishable on the facts from the case at bar.

[3] There is no force in the contention that the article is libelous upon the theory that the plaintiff is charged with being a "Pal" of Dr. Munyon, who, it charged, was a fraud and a cheat, and that therefore the article charges the plaintiff with being a fraud and cheat, in that he has cheated the sick and deluded the suffering, because he is selling Sanatogen as a food and nerve tonic, whereas it is only cottage cheese in powder form. The article, it is true, does charge that Dr. Munyon cheated the sick and deluded the suffering; but there is no connection alleged between Dr. Munyon and the plaintiff, and there is no basis for the claim that the plaintiff is connected with the charge of fraud and deception made against Dr. Munyon, other than the mere fact that Sanatogen is commented on in the same article, as already stated.

It follows that the order overruling the demurrer should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, but with leave to plaintiff to amend, on payment of the costs of the appeal and of the demurrer. All concur.