[1] The learned judge below excluded from the consideration of the jury any damages accruing after July 17th on the ground that on that date defendants had offered plaintiff re-employment. It was, however, at best a question for the jury whether, under the circumstances, plaintiff was bound to accept such re-employment. See Heiferman v. Greenhut Co., 83 Misc. Rep. 435, 145 N. Y. Supp. 142.

[2] Further error was committed in refusing to charge that the burden of proving plaintiff's opportunity to earn money after the discharge lay upon the defendants. Howard v. Daly, 61 N. Y. 362, 377, 19 Am. Rep. 285.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

DOOLEY v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. LIBEL AND SLANDER ☞7—ACTIONABLE WORDS—IMPUTATION OF CRIME.

A published article, charging that plaintiff had done something subject to criminal prosecution, was libelous per se, not because it charged an act punishable as a crime, but because it held plaintiff up to public condemnation for committing what defendant, mistakenly or otherwise, considered as a crime, as in such case the charge of criminality, and not the legal accuracy thereof, imparts the libelous quality, and it is not necessary that plaintiff be able to state what crime, recognized by law, was imputed to him.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 17–78; Dec. Dig. ☞7.]

2. TRIAL ☞255—INSTRUCTIONS—REQUESTS.

In such case, where the court took the attitude that the libel charged plaintiff with crime, defendant, wishing an instruction that the act was not a crime, should have requested it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. ☞255.]

Jenks, P. J., and Putnam, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Robert E. Dooley against the Press Publishing Company. From a judgment in favor of the plaintiff, and from an order denying a motion for new trial, defendant appeals. Judgment and order affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Howard Taylor, of New York City, for appellant.
Henry F. Cochrane, of Brooklyn, for respondent.

THOMAS, J. [1] There are no indications that the court considered that the article charged the defendant with a crime that is in truth recognized as such by the law of the state. But he did authorize the jury in its judgment to find that the article charged that the plaintiff had done something which was the subject of a criminal prose-

cution. The inquiry authorized was, not whether the plaintiff's act as charged was legally a crime, but whether the defendant held it out to be such. The article was libelous per se, according to the charge, not because it accused the plaintiff of an act that is by law punishable as a crime, but because it held the plaintiff up to public condemnation for doing what the defendant, mistakenly or otherwise, estimated to be a crime. One may not in writing expose another to obloquy, scorn, and hatred, by putting him in the category of a legal offender, and then escape upon the contention that after all he was not legally punishable. In such case the charge of criminality, and not the legal accuracy of the charge, imparts the libelous quality. Hence it is not necessary for the offended person to be able to state what crime recognized by law was invoked against him by the libeler, and in the present case the inquiry as to what particular crime the plaintiff referred to in pleading the libel is unimportant. There may be no law that makes the plaintiff's act criminal. The important fact is that the offender assumed that there was some such law, and falsely publishes the plaintiff as an offender against it. The injured person is not required to search for the law or to be conscious whether it exists or not. When he is declared to have the status ascribed by the article to the plaintiff, and to be desirable as a witness before a grand jury in case he waives immunity, it is inferable that he is charged with an offense that is punishable. What it is, he is not required to know or to conjecture.

[2] The court was asked to charge that "the article in question does not charge the plaintiff with any crime." Perchance it did not charge him with a legal offense, but that it charged that he had done something that the defendant considered criminal was properly found. That means that the defendant did charge him with crime, although it may have been mistaken as to the act being a legal crime. If the defendant wished a charge that the act of accepting and using passes as charged was not a crime, it should have asked for it. The attitude of the court was quite plain. It was not treating of actual criminal offense, but the declaration by defendant of some criminal offense, and to have charged as requested would have withdrawn substantially the charge.

There are no errors that demand reversal, and the verdict is not excessive for an offense done with such rash disregard of plaintiff's rights.

The judgment and order should be affirmed, with costs.

CARR and STAPLETON, JJ., concur.

PUTNAM, J. (dissenting). The jury were left in doubt whether, if a policeman accepted free transportation, such act was a crime, or whether the idea of a criminal offense came merely from the words "grand jury" and "immunity." I think it should have been made clear to the jury, what is here conceded, that for a policeman to take a pass was not a crime. Hence plaintiff could have been asked on cross-examination what violation of law his complaint intended. After counsel in his summing up read to the jury from article 13, § 5, of the

Constitution, the court should have dispelled this uncertainty by granting the instruction asked. This instruction was material to the amount of damages. A reference to an investigation by the grand jury, in these days especially, would signify little, as compared with a direct charge of an act within the Penal Law (Consol. Laws, c. 40).

Hence I dissent.

JENKS, P. J., concurs.