CHARLES J. HYMAN, Appellant, *v.* THE PRESS PUBLISHING COMPANY, Respondent.

First Department, January 13, 1922.

Libel — privileged communications — newspaper not absolutely privileged, as matter of law, to publish list of slackers or deserters, although requested by War Department — absolute privilege restricted to legislative, judicial and governmental matters.

The publication by a newspaper of a slacker list or roster of deserters from the military service of the United States is not absolutely privileged, as a matter of law, although said list emanated from and was published at

the request of the War Department, and the publication was made in the performance of a public duty.

Absolute privilege, which relieves a person from liability to pay damages, although the publication may be false, defamatory and inspired by malice, has been strictly confined by the courts to legislative proceedings, judicial proceedings in established courts, and official reports and communications by or to the executive head of a department of the government.

APPEAL by the plaintiff, Charles J. Hyman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1921, denying plaintiff's motion for judgment on the pleadings and sustaining defendant's demurrer to the complaint.

*William Macy* of counsel, for the appellant.

*Taylor, Jackson, Brophy & Nash* [*Charles B. Brophy* of counsel], for the respondent.

PAGE, J.:

The action is for damages for libel. The complaint so far as necessary to this consideration alleges two causes of action:

I. That the defendant, the owner and publisher of *The World*, maliciously published in said newspaper the following false and defamatory matter, to wit:

" The military authorities today, through Major Gen. Bullard, commanding the Second Corps Area, comprising New York, New Jersey and Delaware, publish, and The World, at the request of the War Department, prints the first instalment of what has commonly been referred to as the ' slacker list ' or roster of deserters, which term is understood to include all men who, having been drafted for military service, failed to report to or entrain for the mobilization camps for training and thus evaded or did not comply with the Draft Law.

" Desertion, under the Articles of War, is a crime, and a deserter is liable to summary arrest by all civilian authorities, Federal, State, or local, and the War Department has stated that its purpose in making these lists public is to bring about the arrest of the persons named therein and their consignment to the military authorities for trial by court martial under military law.

" OFFICIAL LIST IN NEW YORK CITY

" New York City names ' classified and reported by the draft authorities as deserters from the military service of the United States.'

" Hyman, Charles J., 1134 Lexington Avenue; 235 East 80th Street, Draft Order Number, 117."

II. The second cause of action realleges the allegations contained in the 1st, 2d and 3d paragraphs of the complaint, and alleges that the facts stated in the publication were wholly false and untrue; and that said defendant, before publication of said defamatory matter, had investigated said charge and knew it to be false and untrue.  The defendant demurred to each of the causes of action for insufficiency, upon the theory that it appeared upon the face of the complaint that the publication was absolutely privileged.  Absolute privilege relieves a person from liability to pay damages, although the publication may be false, defamatory and inspired by malice. This freedom from liability is founded upon the principle that it is for the public interest that in certain cases persons should speak or write the whole truth fearlessly, uninfluenced by consideration of consequences.  This class of privilege is comparatively a narrow one, and has been strictly confined by the courts to legislative proceedings; judicial proceedings in the established courts, civil or military; official reports and communications by or to the executive head of a department of the government.  (*Hemmens* v. *Nelson*, 138 N. Y. 517, 523.)  The defendant claims the right to this privilege, because the list published emanated from, and was published at, the request of the War Department of the United States, and that it was in the performance of a public duty that it honored the request, and therefore, it is entitled to the same measure of legal protection that would attach to the Government or the Department.  In *White* v. *Nicholls* (3 How. [U. S.] 266, 287) the Supreme Court of the United States said: " It is difficult to conceive how, in society where rights and duties are relative and mutual, there can be tolerated those who are privileged to do injury *legibus soluti;* and still more difficult to imagine, how such a privilege could be instituted or tolerated upon the principles of social good."

Whatever may be the immunity of the War Department for

the publication of the list, and as to this we express no opinion, certainly that immunity did not extend to the newspaper that published it, even though actuated by a sense of duty and for the general good of the State. The privilege, if any, is a qualified and not an absolute one. If any justification exists for the publication, it must be found in facts which are not in the complaint, and which must be asserted as a defense in an answer.

The order, therefore, should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, with leave to the defendant to withdraw the demurrer and serve an answer within twenty days after service of a copy of the order to be entered hereon and paying the said costs.

Clarke, P. J., Laughlin, Dowling and Merrell, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.