-Eisenberg, Plaintiff, *v.* ——— Reasenberg, Defendant.

Supreme Court, New York County, October 25, 1928.

*Joseph Nemerov,* for the plaintiff.

*Hyman Podell,* for the defendant.

Townley, J.   Before serving his answer, defendant moves under rule 112 of the Rules of Civil Practice to dismiss plaintiff's complaint, consisting of three causes of action, for insufficiency.   The first cause of action alleges a libel by reason of the composition and sending of a certain letter by the defendant, on or about February 26, 1926, to the Collector of Customs, Custom House, New York.   The letter in effect states that the defendant had been informed that the plaintiff purchased certain goods, wares and merchandise in Europe in the line of smokers' articles and other articles, caused the same to be shipped to his brother in Germany, and that his brother, in turn,

with invoices of his own, undervalued the goods and shipped the same to the plaintiff in this action. The second cause of action was based upon a claim that the defendant spoke to a certain named person, of and concerning the plaintiff, the false and defamatory words, " He is a crook." The third cause of action is based on a similar statement made to a third named person.

In *Pecue* v. *West* (233 N. Y. 316), the Court of Appeals, after stating that some courts in libel actions, believing that the general interest requires the utmost freedom in such matters, have enforced a rule of absolute privilege upon a complaint made or information given to a district attorney of an alleged crime, and, after citing the cases of *Matter of Quarles & Butler* (158 U. S. 532) and *Vogel* v. *Gruaz* (110 id. 311), among others, as supporting that rule, refused to follow those decisions, and held that the rule of absolute privilege does not attach to a complaint made or information given to a district attorney of an alleged crime. Such a communication is subject, however, to the rule of qualified privilege, and that, in order to justify a recovery in an action for libel based upon it, the plaintiff must establish that it was made maliciously and without probable cause; the court in its opinion (233 N. Y. 316) stating (at p. 321): " We have said impliedly that the rule [of absolute privilege] applies only to a proceeding in court or one before an officer having attributes similar to a court. It is not applied ' to proceedings which, though official and public, are not in substance judicial,' and it is ' the tendency of courts to restrict the scope of absolute privilege in libel ' " (citing *Andrews* v. *Gardiner*, 224 N. Y. 440).

In respect to the first cause of action alleged in this complaint the defendant had no absolute privilege, but, if any, merely a qualified privilege which must be pleaded as a defense in order to be available. (*Hyman* v. *Press Publishing Co.*, 199 App. Div. 609, 612; *Magnus* v. *New*, 212 id. 123; *Stuart* v. *Press Publishing Co.*, 83 id. 467.) In respect to the second and third causes of action the word " crook " has been held not slanderous *per se* and accordingly requires allegations of special damage, and the said second and third causes of action contain no sufficient allegations of special damage. (*Villemin* v. *Brown*, 193 App. Div. 777; *Tower* v. *Crosby*, 214 id. 392; *Thorner* v. *Samuels*, 122 Misc. 139; affd., 209 App. Div. 863; *Stephens* v. *Patlou*, 208 id. 63.)

Defendant's motion to dismiss the complaint is granted, with ten dollars costs, to the extent only of dismissing the second and third causes of action, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of this order, with notice of entry upon payment of said ten dollars costs. Order signed.