GEORGE EISENBERG, Respondent, *v.* AFNER REASENBERG, Appellant.

(Argued December 5, 1929; decided January 7, 1930.)

*Samuel Sumner Goldberg* and *Hyman Podell* for appellant. The letter which the defendant wrote to the Collector of Customs was absolutely privileged and not the subject of an affirmative cause of action in favor of the plaintiff, and the complaint should have been dismissed at the close of the plaintiff's case. (18 Halsbury's Laws of England, 677; Odgers on Libel & Slander [5th ed.], 227; *Hyman* v. *Press Publishing Co.,* 199 App. Div. 609; *Gibbon* v. *Ogden,* 9 Wheat. 1; *Brown* v. *Maryland,* 12 Wheat. 419; *Welton* v. *Missouri,* 91 U. S. 275; *Smith* v. *Alabama,* 124 U. S. 465; *Nutt* v. *Knutt,* 200 U. S. 12; *Knickerbocker* v. *Stewart,* 253 U. S. 149; *Northern Pacific Ry. Co.* v. *North Dakota,* 250 U. S. 135; *Union Pacific* v. *Burke,* 255 U. S. 317; *American Ry. Exp.* v. *Lindenberg,* 260 U. S. 584; *Matter of Quarles* v. *Butler,* 158 U. S. 532.)

*R. M. S. Putnam* and *Joseph Nemerov* for respondent. The letter had no absolute privilege under the law. (*Pecue* v. *West,* 233 N. Y. 316; *Matter of Quarles* v. *Butler,* 158 U. S. 532; *Vogel* v. *Grauz,* 110 U. S. 311; *Worthington* v. *Scribner,* 109 Mass. 487; *White* v. *Nicholls,* 11 U. S. 266.)

*Per Curiam.* Upon this record the jury could properly find that the defendant had no information and no belief that the plaintiff had been guilty of any wrong. The privilege of transmitting information of an alleged crime to the appropriate public officers cannot apply to a communication sent under such circumstances.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.