GARDNER JACKSON, Appellant, *v.* CONSUMER PUBLICATIONS, INC., and Others, Respondents.

First Department, April 21, 1939.

*D. William Leider* of counsel [*Harold I. Cammer* with him on the brief; *Liebman, Robbins, Pressman & Leider*, attorneys], for the appellant.

*Cyrus M. Lerner*, for the respondents.

DORE, J. Plaintiff alleged two causes of action against defendants, the first a libel action, the second for a violation of section 51 of the Civil Rights Law. On defendants' motion to dismiss under rule 106 of the Rules of Civil Practice the Special Term dismissed the first cause of action with costs but denied the motion to dismiss the second. As plaintiff alone appealed, the sole issue is the sufficiency of the first cause of action in libel.

Plaintiff therein alleges that in the February, 1938, issue of *National Consumers News*, a magazine having a wide circulation and published by defendants, the defendants libeled plaintiff in using his picture by way of illustration of an article entitled " Auction Sale This Day " which purported to be an exposé of dishonest auctioneers and their fraudulent and swindling practices. The article annexed to the complaint discusses the wide prevalence of " the gyp auction racket which Better Business Bureau officials consider one of the most brazen and out-and-out crooked of all those they have investigated." Such auctioneers are characterized as " master tricksters; " it is alleged that sales are " rigged " against the bidders and there are " fake bidders in the auctioneer's employ." The article is illustrated by a picture of plaintiff alongside the title at the very top of the text showing plaintiff posed before a microphone with a fan in one hand apparently engaged in the conduct of an auction sale.

Plaintiff alleges that the article was recklessly and maliciously printed and published of and concerning him; that his picture was well known to the public; that he is a prominent editor and publicist especially in the consumers' movement in the United States and enjoys a reputation for integrity as an exponent of honest and fair dealings between consumers and sellers; that the libelous publication was wholly false and untrue in so far as it related to plaintiff who was at no time guilty of the dishonest and infamous acts charged against him; that it was intended to and did expose him to public contempt and disgrace, injuring him as an individual and in his profession and calling.

On motion under rule 106 the complaint stands admitted and all facts which by fair and reasonable intendment may be implied must be construed in plaintiff's favor.

The article is obviously libelous *per se* as to the person or persons to whom it applies, charging them with dishonesty, fraud and even breaches of criminal law relating to mock auctions. (Penal Law, § 943.) The allegation that it refers to plaintiff is an allegation of fact (Rules Civ. Prac. rule 96), which the motion necessarily admits. (*Townes* v. *New York Evening Journal Publishing Co.*, 109 App. Div. 852.) While it is true the article does not use the

plaintiff's name or otherwise identify him except by the picture, one may be libeled by having his picture printed in such fashion as to expose him to public ridicule and contempt as effectively as one may be libeled by words directly referring to him by name. (*Peck* v. *Tribune Co.*, 214 U. S. 185.)

Defendants rely on cases which hold that alleging the application of the libelous article in the language of rule 96 will not save a complaint where the allegation is rendered nugatory by other allegations showing the article could not possibly have referred to plaintiff. (*Fleischmann* v. *Bennett*, 87 N. Y. 231; *Corr* v. *Sun Printing & Publishing Assn.*, 177 id. 131.) Although plaintiff was not named and he alleges his profession is not that of an auctioneer, his picture appears in illustration of the libelous article and on the facts alleged plaintiff is at least entitled to go to the jury on the issue as to whether the article was of and concerning him. (*Morrison* v. *Smith*, 177 N. Y. 366.) An action for libel may be maintained where the plaintiff is not named but is indicated by circumstances contained in the alleged libel which are capable of direct proof that plaintiff was the person to whom reference was made. The picture is a true likeness of plaintiff published without a name but in connection with and as an illustration of a libelous article.

The first cause of action states facts sufficient to constitute a cause of action in libel. The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion in all respects denied.

MARTIN, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion in all respects denied, with leave to the defendants to answer within ten days after service of a copy of the order with notice of entry thereof, upon payment of said costs.