GERDA NOLL, Appellant, v. WALTER KERBY, Respondent.— This action was brought to recover damages for an alleged libelous statement contained in the affidavit of respondent filed in the Surrogate's Court in Queens county. This appeal is taken from a judgment dismissing the complaint and from an order granting the defendant's motion on the pleadings directing the complaint to be dismissed. In the affidavit filed in Surrogate's Court the appellant expressed her disapproval of the terms of her deceased husband's will and asserted that the attorneys for the executors and trustees were milking the estate and that such attorneys should receive nothing from the estate but should look to the executors for payment of any fees they were entitled to. She alleged her husband was insane and not competent to make a will and the will had been procured by false and fraudulent representations. She criticized the decision of the Court of Appeals in reversing the order surcharging the accounts of the executors. This proceeding was by an attorney to have his fees fixed. In an answering affidavit filed by the appellant in the Surrogate's Court, the respondent, who was a physician of plaintiff's deceased husband, filed an affidavit showing the mental condition of such deceased husband, intending to answer the allegations contained in the appellant's affidavit. The action was brought and the question of privilege was claimed for the affidavit by the defendant. The determination of the question of privilege was a question of law and the matters contained in the affidavit were pertinent to the issue being tried and the language used was not impertinent and subject to absolute privilege. (*Youmans* v. *Smith*, 153 N. Y. 214; *People ex rel. Bensky* v. *Warden, etc.*, 258 id. 55.) Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

ALBERT J. LA BELLE, Appellant, v. BERNARD J. KAZYAKA, Respondent.— Appeal from a judgment entered in the Schenectady county clerk's office on February 7, 1939, in favor of the defendant and against the plaintiff for $56.50 costs upon the verdict of a jury of no cause of action. Defendant's automobile backed over plaintiff while he was repairing a building and lay with his body under the building with his feet sticking out. There was a question of fact whether the automobile was standing near the scene of the accident at the time the plaintiff got under the building and also as to whether plaintiff was in back of the automobile when defendant got into the car prior to backing it up. While the court does not approve of the mathematical formula expressed in the charge as to the percentage of contributory negligence which will defeat a recovery, experienced trial counsel did not except thereto. We find no erroneous rulings on evidence which would warrant a reversal. The verdict is in accord with the justice of the case. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.