SAM ROBERTS, Plaintiff, *v.* RANSOM PRATT and Others, Defendants.

Supreme Court, Steuben County, July 25, 1940.

*Sam Roberts*, plaintiff, in person.

*W. Earle Costello*, for the defendants.

LAPHAM, J.   The defendants move to dismiss the complaint for failure to state a cause of action in slander and libel.

The complaint contains eight separate causes of action.   The first five are directed against the defendants Ransom and George Pratt and the last three are directed against unknown members of the Corning Bar Association of Corning, N. Y., who are designated by fictitious names.   The first cause of action, which is representative of all in most essentials save for the time and place of making the defamatory statements and the person to whom the statements were made, alleges in substance that the plaintiff was engaged in conducting a collection agency in the city of Corning under the name of " Friendly Adjustment Service," and that on March 30, 1938, before a meeting of the Corning Bar Association and its guests,

the defendant Ransom Pratt, in agreement with the defendant George W. Pratt and with a deliberate and malicious intent to injure the plaintiff in his business, uttered and circulated the " false, malicious, slanderous and defamatory " statement that " Sam Roberts, who maintains an office for the transaction of business as a collection agency under the assumed name and style of ' Friendly Adjustment Service ' at 92 E. Market Street, in the City of Corning, has since January 1st, 1938, and for sometime prior thereto, been engaged in practicing law in violation of Article 24 of the Penal Law of the State of New York, and especially in violation of Sections 270 and 275-a of the said Penal Law." The complaint continues with a detailed enumeration of defamatory remarks consisting of specific instances in which the plaintiff was charged by the defendants with violating the Penal Law. In consequence of these defamatory remarks, the complaint alleges that the Corning Bar Association requested the Attorney-General of the State of New York to prosecute the plaintiff for violation of the criminal statutes, and on October 14, 1938, the Attorney-General instituted a special statutory proceeding, seeking to restrain the plaintiff from doing the acts alleged to constitute the unlawful practice of law in violation of article 24 of the Penal Law. As a result of this defamation, the plaintiff claims under the first cause of action damages in the sum of $12,500.

The defendants contend that the words attributed to them are not slanderous *per se;* that the first cause of action is fatally defective for a failure to allege special damages, and that in any event the words were spoken under the immunity of an absolute privilege. Neither contention is, in my judgment, tenable.

The allegation, which on this motion stands admitted, that the defendants said that the plaintiff in the conduct of his business was violating article 24 of the Penal Law is an assertion that the plaintiff had committed a punishable crime. Section 270 of article 24 of the Penal Law makes the unlawful practice of law by a person not licensed to practice as an attorney a misdemeanor and lays upon the district attorney the duty of prosecuting all violations of the statute. Words charging one with the commission of a crime or with a transgression of a criminal law have long been recognized as slanderous *per se.* (*Dooley* v. *Press Publishing Co.*, 170 App. Div. 492; affd., 224 N. Y. 640; *Moore* v. *Francis*, 121 id. 199; *Jackson* v. *Consumer Publications, Inc.*, 256 App. Div. 708; *Morse* v. *Star Co.*, 118 id. 256, 258.)

The distinction indulged by some of the earlier cases at common law (*Wright* v. *Paige*, 36 Barb. 438) between crimes that imply moral turpitude in the offender and those which do not carry such implication loses its validity in the face of a statute which condemns

the acts with which the plaintiff is charged as criminal. Moral turpitude need not be inherent in the nature of the crime itself. It may spring, as here, from an alleged violation of a criminal statute prohibiting under pain of punishment the commission of certain acts. The ultimate criterion of the slanderous character of words is, in any event, whether the words are likely to expose the victim to public condemnation and disgrace. The statement that the plaintiff was illegally practicing a profession which touches the vital interests of the public with more immediacy and at more points than almost any other calling would be certain to invite public censure.

The defendants cannot take refuge under the immunity of absolute privilege. The protection of this privilege has been limited out of regard for what has been thought to be the public good to remarks made by legislators in the course of debates, to reports of military officers to their superiors, to official acts of State and to statements made by counsel, judge, parties or witnesses in proceedings in court or for use in such proceedings, and in proceedings before tribunals and officers having the judicial attributes of a court. Only in these instances can the right of the individual to be secure in his reputation be invaded with complete impunity. (*Pecue* v. *West*, 233 N. Y. 316; *Andrews* v. *Gardiner*, 224 id. 440; *Hemmens* v. *Nelson*, 138 id. 517; *Forsythe* v. *Dunham*, 270 id. 141.)

In bringing their complaints before the Corning Bar Association and in their petition to the Attorney-General, the defendants were acting under a qualified privilege which actual malice would destroy. (*Pecue* v. *West, supra; Andrews* v. *Gardiner, supra*.)

Where, as here, the complaint contains an express allegation of malice in the making of the defamatory statements, it is not vulnerable to a motion to dismiss for failure to state a cause of action. (*Corwin* v. *Berkwitz*, 190 App. Div. 952; *Tierney* v. *Ruppert*, 150 id. 863, 867; *Fulton* v. *Ingalls*, 165 id. 323; *Mellen* v. *Athens Hotel Co.*, 153 id. 891.)

Under these circumstances qualified privilege must be pleaded in order to be available as a defense. (*Eisenberg* v. *Reasenberg*, 133 Misc. 190; affd., 226 App. Div. 787; 252 N. Y. 490; *Mase* v. *Reilly*, 206 App. Div. 434; *Magnus* v. *New*, 212 id. 123; *Hyman* v, *Press Publishing Co.*, 199 id. 609; *Stevenson* v. *Ward*, 48 id. 291.)

The third and the eighth causes of action, however, must be dismissed because they are based upon slanderous statements made under the immunity of an absolute privilege. The third cause of action alleges in substance that the defendants Ransom and George Pratt on or about February 17, 1939, uttered the defamatory statements specifically set forth in the first cause of action to

Donald Corbett of Rochester, N. Y., and the eighth cause of action alleges in substance that the other defendants also made the same slanderous statements to Donald Corbett.

The complaint, in conjunction with the bill of particulars, shows on its face that an action was begun by the Attorney-General against the plaintiff on October 14, 1938, under article 75-A of the Civil Practice Act, and that Donald Corbett was an Assistant Attorney-General with authority to prosecute the proceeding against the plaintiff. At the time the statements were made this action was pending and the statements were uttered in the course of a revelation of the facts essential to the prosecution of the proceeding. The time and the circumstances created an absolute privilege under whose shield the defendants could have said with impunity what they are alleged to have said, provided the statements were material and relevant to the proceeding. The privilege is not confined to remarks made in court. It extends to statements intended in good faith to be used in a proceeding or action actually pending at the time they are uttered or written. (*Youmans* v. *Smith*, 153 N. Y. 214; *People ex rel. Bensky* v. *Warden of City Prison*, 258 id. 55, 59; *Noll* v. *Kerby*, 258 App. Div. 840.)

The proper administration of justice to which the court in the *Bensky* case referred as the justification for absolute privilege requires that there shall be a complete disclosure of facts in a proceeding already pending in court by those in a position to make such a disclosure to the person intrusted with the conduct of the proceeding. Here the commencement of a proceeding had followed on an investigation conducted by the Attorney-General's office. If, after such an action, the persons in possession of the facts who would be called as witnesses on the actual trial could not speak fearlessly and without restraint to the officer in charge of the case, the truth would be suppressed and the search for justice severely hampered. When what is said, as here, is material and relevant to the proceeding, public policy demands that the individual submit to some incidental harm in the larger interests of society. It may not be technically accurate to say that the Attorney-General and the defendants occupied the relationship of attorney and clients but the bond between the two here is close enough to bring into play, if need be, all those considerations of public policy that cluster around the relationship of attorney and client.

The complaint in its present form is open to certain objections that fall short of being fatal defects. It is improper to unite, as the plaintiff has done in his sixth cause of action, a cause of action in slander with one in libel. (Rules Civ. Prac. rule 90.) In order to forestall a motion separately to state and number, and in

order to permit the defendants to answer the complaint with some precision, the plaintiff should serve an amended complaint dividing these causes of action and eliminating the dual system of numbering the paragraphs to which the defendants have objected.

The motion to dismiss is granted in respect to the third and eighth causes of action, but denied in respect to the other causes of action. The plaintiff shall serve an amended complaint in conformity with this decision within ten days after notice of entry of the order on this decision.

Let order enter accordingly.