■ SAMUEL COHEN, Appellant, v. ELLENVILLE LUMBER CO. INC., et al., Respondents.— Appeal from an order of the Supreme Court at Special Term entered in Sullivan County, which granted defendants' motion for judgment on the pleadings in a libel action. It appears from the answer and the exhibits

annexed thereto that the respondent lumber company had previously sued appellant for goods sold and delivered and obtained judgment by default. Appellant thereafter moved in that action, by order to show cause, for an order to compel the lumber company to accept service of his answer, on the ground that the same had been timely served and improperly rejected, and for "such other, different and further relief" as might be just and proper. The moving affidavit, verified two days after judgment had been entered, asked, "in the event any judgment has been taken by default * * * that the said judgment, if any, and all proceedings taken thereunder, if any, be vacated and set aside." The affidavit contained, also, allegations as to defendant's meritorious defense and stated, further, that defendant would be denied his day in court should the court "permit this default to be occasioned". It is clear, therefore, from the provisions of the order and the statements in the affidavit that the motion comprehended an application to open a default and to vacate a judgment rendered thereon. This being so, plaintiff was entitled to and did oppose the motion by an affidavit containing factual denials of defendant's assertions of a meritorious defense and setting forth statements intending to show that the application was not made in good faith but to prevent plaintiff, should the judgment be vacated, from reaching moneys due defendant from another and to enable defendant to collect such moneys for himself. These averments were followed by the statements: "Except for those moneys owing to the defendant on that other job, the defendant, I am informed and believe, has no money, property or assets upon which a levy can be made and the defendant has been for a long time and now still is insolvent." The libel action now before us is predicated on these statements. The complaint alleges publication of the supposed libel "in an action then pending undetermined". The answer contains general denials and the defense that the words complained of were privileged as pertinent and material to the determination of the motion in the contract action and annexed to such answer are the pleadings, motion papers and judgment in that action. It is clear, as appellant in his brief concedes, that absolute privilege attaches to statements "made in judicial proceedings, and pertinent thereto" (*Andrews* v. *Gardiner,* 224 N. Y. 440, 445; *Noll* v. *Kerby,* 258 App. Div. 840) but appellant contends that the motion in the contract action was solely to compel acceptance of an answer and that the statements now alleged to be libelous were in no way relevant to the determination of the question whether timely service had been made. It follows, however, from the conclusion which we have stated as to the broader scope and purpose of the motion, that the statements complained of were pertinent thereto. There remains for our decision appellant's procedural objection to the motion now before us. The motion is pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. It is true, as appellant contends, that defenses, such as the defense of privilege here interposed, are deemed controverted (Civ. Prac. Act, § 243) and that ordinarily issues of fact raised thereby may not be decided on a motion of this nature. In this case, the judgment roll and the motion papers in the prior contract action are annexed to the answer and thus constitute part of the pleadings in this action. They form the very basis for plaintiff's complaint and, concededly, "an action then pending undetermined", which the complaint herein alleges, is that prior action. In his brief, plaintiff clearly concedes the verity of the papers, first referring to the motion in the prior action as "an application, a copy of which is set forth as Exhibit B of the answer herein", and then inviting a "perusal of the moving papers set forth as part of the answer herein" in support of his argument that the motion was not one to open a default. The authenticity of the exhibits in the answer being thus conceded, the presumed denial under

section 243 is ineffective to create an issue upon this motion. Certainly it bears no greater weight than would an express denial in a reply, since, under the circumstances apparent here, any such denial would, on proper motion, be held sham. To indulge the presumption of denial here demonstrated as without any basis in fact would be unrealistic in the extreme and a yielding of blind obeisance to a fictional form. The motion was, therefore, properly granted. Under the circumstances no useful purpose would have been served or either party benefited by denial of the motion, subject to its renewal in another form. Order unanimously affirmed, with $10 costs to respondents. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.