G. Robebt Witmeb, J.
In the course of a trial the defendant herein, an attorney at law, was attorney for the defendants, and he cross-examined the plaintiff herein who testified as a witness for the plaintiff upon such trial. He asked the plaintiff if he had not been convicted in the City Court of Rochester of assault on a certain date, and plaintiff denied the conviction. Defendant then offered into evidence a certificate of plaintiff’s conviction, produced by the County Clerk pursuant to subpoena, which certificate indicated that plaintiff had been so convicted; but the court excluded the certificate.
The plaintiff has brought this action in slander against the defendant for damages which plaintiff claims defendant falsely and maliciously caused him by accusing him of such conviction of assault, defendant knowing that in fact there had been no such conviction and that a transcript of conviction had been erroneously issued and filed in the County Clerk’s office; and the plaintiff further alleges that such record of conviction has since been expunged.
The defendant has interposed a general denial and has asserted the affirmative defense that the question concerning the convic *475 tion was duly raised in the course of a trial, that the subject bore upon the plaintiff’s credibility as a witness on such trial, and that the matter was absolutely privileged. Defendant has moved for summary judgment dismissing the complaint.
The courts of New York “ have consistently held that if the alleged defamatory words used by counsel or a party in the course of a judicial proceeding may possibly be pertinent they are privileged. It is only when the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion that the privilege is lost. The underlying principle governing the courts of England and our own courts is that the proper administration of justice depends upon freedom of conduct on the part of counsel and parties to litigation. ‘ This tends to promote an intelligent administration of justice. To secure this is of much greater importance than to prevent the evils arising from reflections cast upon parties or witnesses.’ * * *
‘‘ The determination of the question of privilege is a question of law, and if it be determined that the language used was not impertinent, the privilege is absolute.” (People ex rel. Bensky v. Warden, 258 N. Y. 55, 59-60.) To like effect see Ashcroft v. Hammond (197 N. Y. 488, 494); Youmans v. Smith (153 N. Y. 214, 219); Moore v. Manufacturers’ Nat. Bank (123 N. Y. 420, 425-426); Noll v. Kerby (258 App. Div. 840) and Simon v. Potts (33 Misc 2d 183).
Plaintiff contends that proof that the defendant asked the questions concerning such conviction maliciously, knowing that the certificate had been erroneously filed, would destroy defendant’s absolute privilege, and that his allegation thereof raises a question of fact which must be submitted to a jury.
This motion for summary judgment is based upon the pleadings and defendant’s affidavit in support of the motion. Plaintiff has interposed no answering affidavit to support his allegation of malicious conduct on defendant’s part, and no facts are alleged in the complaint to support the conclusory allegations of defendant’s bad faith. (See Kalmanash v. Smith, 291 N. Y. 142, 154; Tinston v. City of New York, 17 A D 2d 311, 315.) Plaintiff has shown no substantial issue of willful and malicious conduct on the part of the defendant in this case.
Upon the complaint and answer, affidavit in support of the motion and transcript of the trial made part of the affidavit, it is clear as a matter of law that the questions put by the defendant to the plaintiff were absolutely privileged. Hence, the motion for summary judgment must be and hereby is granted.