Wachtler, J.
(dissenting). I would dismiss the complaint in its entirety.
The important and novel question on this appeal is whether a person, asked by a judicial screening committee to supply information concerning a bribe allegedly received by a potential candidate for judicial office, should be permitted and encouraged to speak candidly without fear of later being sued for libel or slander by the candidate.
It seems to me that selection of honest Judges is a matter of paramount public interest. Particularly in recent years the establishment of judicial screening committees, such as the Mayor’s Committee, amply demonstrates the growing public awareness of the need to fully investigate the integrity of potential candidates for judicial office. Certainly it would be abhorrent to select an accused bribe taker for judicial office without first conducting a thorough investigation to insure that the charge is in fact unfounded. Thus persons having information concerning the character of potential judicial candidates should be encouraged to make full and candid disclosure to those charged with the responsibility of determining fitness for judicial office.
The courts traditionally and properly have granted an absolute privilege or immunity from civil liability to individu *224 als who furnish information in aid of a proceeding designed to carry out an important public purpose (Prosser, Torts [4th ed], § 114, p 776). Typically this type of immunity has been conferred on those who participate in legislative (Roberts v Pratt, 174 Misc 585), executive (Cheatum v Wehle, 5 NY2d 585) and judicial proceedings (Pecue v West, 233 NY 316).
The need for the absolute privilege has also been recognized in quasi-judicial proceedings (see, e.g., Wiener v Weintraub, 22 NY2d 330) and certain related matters such as Grand Jury investigations, but not, as the majority suggests, because Grand Jury proceedings are secret. On the contrary, the secrecy of the Grand Jury proceedings, and the witnesses’ immunity from civil, and often criminal, liability are all based on the same principle — that is, to assure truth and candor in a proceeding which performs a critical role in the administration of justice (People v Di Napoli, 27 NY2d 229, 235; Denzer, Practice Commentary to CPL 190.40, McKinney’s Cons Laws of NY, Book 11 A, pp 122-128; Pecue v West, supra, at p 320). In short, the absolute privilege applies, and should be applied when, as here, it is necessary to insure that an individual’s personal concerns — especially, as the majority notes, "fear qf a civil action, whether successful or otherwise” — do not inhibit the witness or interfere with the public’s need for unbridled truth in a matter involving significant and legitimate public interest, such as the selection of Judges.
To hold, as the majority does, that persons responding to this need are only entitled to a qualified privilege demeans the importance of judicial screening committees. The qualified privilege which, as in this case often subjects the witness to expensive litigation, inhibits free communication and is only appropriate when the information sought is of "intermediate importance” to the public (Prosser, op. cit., § 113, pp 776-777, 785-786). But resolving a claim that a potential candidate for judicial office has previously received or solicited a bribe is not a matter of limited public interest. Insuring the integrity of Judges is no less important than insuring the integrity of the proceedings at which they preside.
For similar reasons I would hold that the defendant should be immune from suit for communicating information regarding the bribe to the District Attorney and the Department of Investigation. The public of course has an interest in prosecuting criminal acts and it has been suggested that "the better rule seems to be that an informal complaint to a prosecuting *225 attorney or a magistrate is to be regarded as an initial step in a judicial proceeding, and so entitled to an absolute, rather than a qualified immunity” (Prosser, op. cit., § 114, p 781). The majority however has chosen to treat the defendant as one who simply conveys to a prosecutor the unqualified suspicions of a disgruntled neighbor (Pecue v West, 233 NY 316, supra). In addition they have completely ignored the fact that the bribe alleged here did not only involve a possible criminal act, but corruption by a public employee, seeking higher office, where the public need to prosecute or bar from a position of public trust far outweighs the possibility of harassment of the innocent.
Those who hold public positions have always been held to a higher standard of conduct and public scrutiny. Members of the public who are instrumental in initiating inquiries into the conduct of government employees should not be treated like disgruntled neighbors acting out of private pique. Unfortunately, at a time when the courts should be seeking to encourage the public to come forward with information of possible or potential corruption in public office, particularly the judiciary, today’s decision can only be viewed as counsel to the cautious.
Chief Judge Breitel and Judges Gabrielli, Jones and Cooke concur with Judge Jasen; Judge Wachtler dissents and votes to reverse and dismiss the second cause of action on defendant Stern’s appeal and to affirm on plaintiffs cross appeal in a separate opinion; Judge Fuchsberg taking no part.
On defendant Stern’s appeal: Order, insofar as appealed from, affirmed, etc.
On plaintiffs cross appeal: Order, insofar as appealed from, reversed, etc.